664 So.2d 1371 (1995)
Anita WILLEY
v.
Jonathan ROBERTS, Alva Jack Edwards, Roger P. Guissinger and the State of Louisiana.
No. 95 CA 1037.
Court of Appeal of Louisiana, First Circuit.
December 15, 1995.
*1373 Hany A. Zohdy, Baton Rouge, for Plaintiff-Appellant Anita Willey.
Frank H. Perez, Baton Rouge, for Defendants-Appellees Jonathan Roberts, Alva Jack Edwards, Roger P. Guissinger, and State of Louisiana, Dept. of Health and Hospitals.
Before SHORTESS, PARRO and KUHN, JJ.
KUHN, Judge.
This appeal involves a suit which was dismissed by the trial court based on a finding plaintiff's action has been abandoned due to the failure of the parties to take a step in its prosecution or defense for a five-year period. We affirm.

I. FACTS
During July of 1983, plaintiff, Anita Willey, filed suit against defendants, Jonathan Roberts, Alva Jack Edwards, Roger P. Guissinger and the State of Louisiana, alleging she sustained damages as a result of defendants' defamatory statements, acts of harassment and her wrongful termination. Defendants timely answered the suit. During September of 1987, the court authorized the substitution of counsel for plaintiff.
During 1988, a number of pleadings were filed regarding discovery. In response to a *1374 motion to compel production of documents by plaintiff, the trial court signed a judgment on February 24, 1989, ordering defendants to submit pretrial inserts to plaintiff's counsel by April 24, 1989. On March 9, 1989, defendants filed a notice of deposition. A motion to enroll as counsel of record was filed by plaintiff's attorney, Hany A. Zohdy, on September 9, 1993. No other pleadings were filed until June 23, 1994, on which date plaintiff filed a motion to fix the matter for trial. Although the record includes an order setting the matter for trial on June 28, 1994, trial was not held on that date. The next pleading of record is a motion to dismiss the suit on the grounds of abandonment, filed by defendants on September 30, 1994. On October 3, 1994, the court issued an order requiring plaintiff to show cause on October 31, 1994, why her suit should not be dismissed on grounds of abandonment. On October 27, 1994, plaintiff filed a motion for continuance which was not ruled on by the court prior to the October 31, 1994 hearing. During this hearing, the trial court denied plaintiff's motion for continuance and rendered judgment granting defendants' motion to dismiss on the grounds of abandonment. A written judgment dismissing plaintiff's action was subsequently signed by the trial court.

II. ASSIGNMENTS OF ERROR
Plaintiff has appealed contending the trial court erred: 1) in denying plaintiff's motion for a continuance and 2) in finding plaintiff abandoned her case because she claims her inaction for five years was due to reasons beyond her control and because defendants' appearance at a pretrial conference should constitute a waiver of their abandonment claim.

III. ANALYSIS

A. Failure to Grant Continuance
La.C.C.P. art. 1601 provides, "A continuance may be granted in any case if there is good ground therefor." Absent peremptory causes[1], a continuance rests within the sound discretion of the trial court. Sparacello v. Andrews, 501 So.2d 269, 273 (La. App. 1st Cir.1986), writ denied, 502 So.2d 103 (La.1987). A trial judge has wide discretion in the control of his docket, in case management and in determining whether a motion for continuance should be granted. The court's ruling will not be disturbed on appeal in the absence of a clear showing of abuse of that discretion. Young v. Bayou Steel Corp., 588 So.2d 171, 172 (5th Cir.1991). Appellate courts interfere in such matters only with reluctance and in extreme cases. Sparacello, 501 So.2d at 274.
Plaintiff asserts the trial court erred "in not granting ... her motion for continuance in order to present her reasons for not being able to pursue her case for a period of time." Four days prior to the hearing, plaintiff's counsel filed a motion for continuance, which stated plaintiff was unable to attend the October 31, 1994 hearing for "health and family reasons" and because "travel arrangement will be burdensome and difficult," requesting the case be continued until November 7, 1994.
Since the trial court did not rule on the motion for continuance prior to the October 31, 1994 hearing, counsel for plaintiff should have been prepared to present evidence at the hearing regarding plaintiff's reasons for not being able to pursue her case during the five-year period in question. Considering the fact the motion for continuance did not provide specific and compelling reasons regarding plaintiff's inability to attend the hearing and the fact counsel failed to present any evidence to substantiate the allegations set forth in the motion for continuance, we find no abuse of discretion in the trial court's denial of the request for a continuance.
We believe the defendants' interest in having this litigation judicially resolved within a reasonable time and the trial court's interest *1375 in controlling the docket far outweigh any possibilities of prejudice which may have resulted from denial of the continuance. We do not believe these facts present an extreme situation which justifies interference by this court with the trial court's decision to deny the continuance.

B. Abandonment
La.C.C.P. art. 561A provides, in pertinent part:
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years.... This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
To avoid the abandonment of an action, a plaintiff must take a step in the prosecution of his lawsuit, the step must be taken in the trial court, and it must occur within five years of the last step taken by either party. Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983). A step is taken by a party when formal action is taken before the court and on the record with the intent to hasten the matter to judgment. Id. Any action taken by a party alleged to be a step in the prosecution or defense of the suit must appear in the court record so that examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence. Melancon v. Continental Casualty Company, 307 So.2d 308, 312 (La. 1975); but see La.C.C.P. art. 1474(B) and (C).
The purpose of La.C.C.P. art. 561 is to dismiss those cases in which plaintiff's inaction during a legislatively ordained period has clearly demonstrated his abandonment of the case. Kanuk v. Pohlmann, 338 So.2d 757, 758 (La.App. 4th Cir.1976), writ denied, 341 So.2d 420 (La.1977). The concept of abandonment is designed to hasten suits to judgment and to discourage vexatious, harassing or frivolous lawsuits by preventing plaintiff from allowing such suits to linger indefinitely. Chevron, 436 So.2d at 535. The five-year period designated by the legislature balances plaintiff's right to have his day in court as well as the right of the defendant to adequately defend himself. Shulver v. Slocum, 566 So.2d 1089, 1091 (La. App. 2d Cir.), writ denied, 569 So.2d 984 (La.1990).

1. No Steps for a Five-Year Period
Defendants correctly assert no steps were taken by any of the parties for a period in excess of five years between March 9, 1989, the date on which defendants filed a notice of deposition, and June 23, 1994, the date on which plaintiff filed a motion to fix the matter for trial. Plaintiff argues a step was taken when counsel of record filed a motion to enroll on September 9, 1993.
The jurisprudence clearly establishes motions to withdraw or enroll as counsel or to substitute counsel are not considered formal steps before the court in the prosecution of the suit. Such motions grant to counsel the right to take steps, or to prepare to take steps, toward the prosecution or defense of a case, but are not considered steps because they do not hasten the matter to judgment. See Chevron, 436 So.2d at 532-533; Donald G. Lambert Contractor v. State, 577 So.2d 341, 342 (La.App. 1st Cir.), writ denied, 580 So.2d 923 (La.1991).
Since plaintiff failed to take any "step" in the prosecution of her suit in the trial court for a period in excess of five years, this case was properly dismissed unless one of the exceptions to the five-year abandonment rule applies.[2] Exceptions have been recognized by the courts: 1) when the failure to prosecute was caused by circumstances beyond plaintiff's control, and 2) when the defendant waives his right to plead *1376 abandonment by taking action in the case inconsistent with an intent to treat the case as abandoned. Chevron, 436 So.2d at 533. These exceptions evidence the well-established rules that prescription does not run against one who is unable to interrupt it and that prescription may be interrupted by acknowledgment. Melancon, 307 So.2d at 311. Plaintiff contends both exceptions apply in this case.

2. Circumstances Beyond Plaintiff's Control
The first exception to the rule of abandonment contemplates events which make it impossible for a litigant to act on his own behalf, such as service in the armed forces or confinement to a mental institution. Haisty v. State, Department of Transportation and Development, 25,670, p. 4 (La.App. 2d Cir. 3/30/94), 634 So.2d 919, 922; Courtney v. Henderson, 602 So.2d 95, 97 (La.App. 4th Cir.1992).
Plaintiff contends in brief she was unable to take steps in her case because one of her attorneys was disbarred, one faced disbarment and a fire at one of the attorney's offices destroyed her files. However, the record does not contain evidence supporting these contentions.[3]
Plaintiff also contends her ability to hasten the case to trial was impaired by defendants' failure to submit pretrial inserts to plaintiff as ordered by the court. We conclude defendants' failure to comply with an order issued by the court during 1989 did not have any bearing on plaintiff's ability to take steps to advance her case. Certainly, plaintiff could have filed another motion to compel or a motion to have defendants found in contempt of court when it became apparent defendants had not timely responded to the trial court's order. Thus, we find plaintiff failed to prove her incapability of acting on her own behalf to take steps to move the litigation forward.

3. Waiver by Action of the Defendants
Plaintiff contends defendants' claim of abandonment was waived by defense counsel's appearance at a pretrial status conference held on September 15, 1994. Although the record contains no minute entries or orders pertaining to the pretrial conference, the parties do not dispute it was held. However, the record does not establish, nor does plaintiff assert, defense counsel engaged in any conduct or made any representation contrary to defendants' position that the case had been abandoned.[4] In fact, defendants' motion for dismissal on the grounds of abandonment, filed on September 30, 1994, references a discussion held during the September 15, 1994 pretrial conference, implicitly establishing the abandonment of the matter had been discussed during the conference.
We find no authority to support the proposition that the mere presence of defense counsel at the pretrial conference was sufficient to constitute waiver of defendants' claim that the matter had been abandoned, particularly in light of the fact that abandonment was apparently discussed during the conference. Cf., Chevron, 436 So.2d at 534-535 (wherein the court found defendant waived his right to seek dismissal based upon abandonment, because defendant did not file his motion to dismiss until after plaintiffs and defendant had filed cross motions for summary judgment and joint stipulations of facts, accompanied by memoranda supporting the motions for summary judgment and had submitted the matter for a decision[5]). Based on *1377 the record before us, we find plaintiff has failed to establish defendants have taken any action inconsistent with an intent to treat the case as abandoned and have failed to establish defendants agreed to a judicial resolution of the case.

IV. CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.
SHORTESS, J., concurs.
NOTES
[1] Plaintiff does not contend that she has been unable "to obtain evidence material to [her] case" or that "a material witness has absented himself," grounds which would require the granting of a continuance pursuant to La.C.C.P. art. 1602.
[2] We note that steps taken by plaintiff after abandonment has accrued are without effect. See Semel v. Green, 252 La. 386, 211 So.2d 300, 304 (La.1968).
[3] Without deciding whether the circumstances described by plaintiff, if proven, would be sufficient to meet the exception considered, we note inaction by plaintiff's attorney does not constitute circumstances beyond the control of the party. Courtney, 602 So.2d at 96-97. Additionally, we note that evidence of the destruction of files would not likely establish plaintiff's inability to take steps to advance her case.
[4] We further note plaintiff does not allege defendants took any action in court contrary to their position that the case had been abandoned.
[5] The court concluded the defendant had agreed the case was ready for resolution and that it should be decided upon the merits. However, the court left open the question of what would constitute a waiver of the claim of abandonment short of submission of the case.