739 So.2d 923 (1999)
Loren R. SEAGRAVE
v.
Robert Joe DEAN, Patrick S. Henry, and the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College.
No. 98 CA 1295.
Court of Appeal of Louisiana, First Circuit.
July 6, 1999.
Rehearing Denied September 1, 1999.
Dan M. Scheuermann, Baton Rouge, Counsel for Plaintiff/Appellant, Loren R. Seagrave.
G. Michael Pharis and John Stewart Tharp, Baton Rouge, Counsel for Defendants/Appellees, Robert Joe Dean, Patrick S. Henry, and The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College.
Before: SHORTESS, LeBLANC, GONZALES, KUHN, and GUIDRY, JJ.
SHORTESS, J.
Loren Seagrave (plaintiff) challenges a trial court judgment dismissing his suit as abandoned. Following his termination as the head women's-track coach at Louisiana State University (LSU) in April 1989, plaintiff filed wrongful-termination suits in both state and federal court against the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College; Robert Joe Dean, the LSU athletic director; and Patrick S. Henry, the head men's-track coach at LSU (defendants). The state-court suit was stayed while the federal-court suit proceeded. Ultimately, the federal court decided the better venue was state court; it dismissed plaintiff's state-law claims without prejudice. On February 26, 1992, the state district court lifted the stay of the state-court suit, and the case was "activated."
On February 11, 1997, plaintiffs attorney wrote a letter to the district court requesting a status conference. February 26, 1997, marked the accrual of five years *924 from the date the case was activated by the trial court. A status conference was ultimately held on August 21, 1997, at which time defense counsel appeared and participated. A case-management schedule was signed by the trial court and the attorneys representing the parties. The court set the case for jury trial on October 20, 1998.
On November 10, 1997, defendants filed a motion to dismiss plaintiffs action as abandoned. The trial court held a hearing on the matter and subsequently signed a judgment granting defendants' motion and dismissing all of plaintiffs claims with prejudice.[1] Plaintiff appeals.
Pursuant to Louisiana Code of Civil Procedure article 561(A), "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years."[2] Although the provisions of article 561 are operative without formal order, upon an ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of abandonment. The court may also direct that a contradictory hearing be held prior to dismissal.
A step in the prosecution or defense of an action within the meaning of article 561 is a formal move or action before the trial court intended to hasten the matter to judgment.[3] Louisiana jurisprudence recognizes that certain actions taken by a defendant after the accrual of the five-year abandonment period can constitute a waiver of the right to have a case dismissed for abandonment.[4] In this case, defense counsel appeared at and participated in the status conference and signed the case-management schedule. This action taken on behalf of defendants constituted a waiver of defendants' right to have the case dismissed for abandonment.
Because defendants waived their right to have the case dismissed for abandonment, the trial court committed legal error in dismissing plaintiffs suit. We hereby reverse the trial court's dismissal of plaintiffs suit and remand this case for further proceedings in accordance with this opinion. Costs of this appeal are assessed to defendants.
REVERSED AND REMANDED.
KUHN, J., concurs.
NOTES
[1] The record contains two judgments dismissing plaintiff's claims: one signed February 10, 1998, submitted by plaintiff's attorney, and a second submitted by the defendants' attorneys signed February 17, 1998.
[2] By 1997 La. Acts No. 1221, § 1, Code of Civil Procedure article 561 was amended to provide that an action is abandoned when the parties fall to take any step in its prosecution or defense in the trial court for a period of three years. As amended, the article further provides that any formal discovery as authorized by the Code of Civil Procedure and served on all parties, whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step: in the prosecution or defense of the action. Section 2 of Act 1221 provides the act shall become effective on July 1, 1998, and shall apply to all pending actions.
[3] Richey v. Fetty, 96-2762 (La.App. 1st Cir. 4/8/98), 715 So.2d 1, 4, writ denied, 98-2184 (La.11/13/98), 731 So.2d 257.
[4] See Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983)(submission of a case for decision after five-year abandonment period constituted waiver); Production Specialties v. Century Oil Tool Co., 602 So.2d 163 (La.App. 3d Cir.1992)(filing an answer and reconventional demand after five-year abandonment period constituted waiver); Middleton v. Middleton, 526 So.2d 859 (La.App. 2d Cir.1988) (filing answer and reconventional demand and engaging in written discovery constituted waiver).