HUGHES, J.
| ¡¿Plaintiffs appeal a district court judgment dismissing their claims against the defendant based on a finding that the plaintiffs’ suit had been abandoned. For the following reasons, we reverse.
FACTUAL AND PROCEDURAL HISTORY
On July 31, 1997, plaintiffs, Linda and Ivy Hidalgo, filed a personal injury suit against defendant, Catfish Queen Partnership in Commendam d/b/a Belle of Baton Rouge Casino (Catfish Queen). On January 26, 2005 Catfish Queen filed a motion to dismiss the Hidalgos’ suit on the basis of abandonment. Therein, it alleged that the last step taken in the prosecution or defense of the matter was when it propounded discovery to the Hidalgos on January 11, 2000. Catfish Queen conceded that the Hidalgos had “filed requests for scheduling conferences with the court on January 10, 2003 and again on August 8, 2005.” It argued, however, that those requests were not steps in the prosecution of the case sufficient to interrupt the prescribed period for abandonment set forth in Louisiana Code of Civil Procedure article 561.
At the contradictory hearing held on Catfish Queen’s motion to dismiss, the Hi-dalgos submitted into evidence copies of their attorney’s written requests for the conferences, stamped “filed” by the clerk of court. It is undisputed that the clerk’s office filed the original requests in the record of this matter in accordance with *436 Uniform Rules for Louisiana District Courts, Rule 9.14(b).[1]
LThe written requests listed notice information pertaining to counsel for each of the parties and expressly stated:
In accordance with Louisiana Code of Civil Procedure article 1551, I request that a scheduling conference be scheduled between all counsel of record and the court.[2]
The Hidalgos also submitted a copy of the case management schedule generated by the district court in response to their requests. The schedule indicated that the objectives of the requested conferences included the setting of deadlines for the parties to complete discovery, file motions, and to exchange and supplement witness and exhibit lists, in addition to fixing the date on which the pretrial order was to be filed with the court. Once completed, the case management schedule was to be signed by the court adopting it as an “Order of th[e] Court.”
Despite the Hidalgos’ submissions, the district court concluded that their requests for the conferences were not steps in the prosecution of their suit and, thus, concluded that their suit had been abandoned. On April 12, |42006, the district court signed a judgment dismissing the Hidal-gos’ suit without prejudice. From this judgment, the Hidalgos appeal.
*437 LAW AND ANALYSIS
Abandonment is governed by Louisiana Code of Civil Procedure Article 561, which reads, in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
* * *
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
The supreme court has construed Article 561 as imposing three requirements on plaintiffs engaging in litigation:
First, plaintiffs must take some “step” towards prosecution of their lawsuit. In this context, a “step” is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step. (Footnotes omitted).
Clark v. State Farm Mut. Auto. Ins. Co., 2000-3010, pp. 5-6 (La.5/15/01), 785 So.2d 779, 784.
The jurisprudence further instructs that Article 561 is to be liberally interpreted and that any action or step taken to move a case toward judgment should be considered. The article was not intended to dismiss those cases in | swhich a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit. Breaux v. Auto Zone, Inc., 2000-1534, p. 3 (La.App. 1 Cir. 12/15/00), 787 So.2d 322, 324 (per curiam), writ denied, 2001-0172 (La.3/16/01), 787 So.2d 316. Dismissal of a plaintiffs lawsuit is the harshest of remedies. The law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has his day in court to which he is entitled. Article 561 is not designed to dismiss actions on mere technicalities but to dismiss those actions that in fact have been abandoned. Breaux, 2000-1534 at pp. 3-4, 787 So.2d at 324.
In this matter, the Hidalgos assert that the district court erred in finding that their requests for scheduling conferences, which were filed into the record, did not constitute steps in the prosecution of their claims. Although it has long been settled that a motion to schedule a case for trial, if filed in the court record, is a step in the prosecution of an action, no published case has been found that rules on whether a proper request for a status and/or scheduling conference is likewise sufficient to interrupt the three-year period for abandonment.[3] See Tinsley v. Stafford, 93-1668, p. *438 4 (La.App. 1 Cir. 10/7/94), 644 So.2d 677, 678-79, writ denied, 94-2753 (La.1/6/95), 648 So.2d 933 (citing Murphy v. Hurdle Planting & Livestock Co. Inc., 364 So.2d 167 (La.App. 1 Cir.1978), writ denied, 366 So.2d 562 (La.1979)). In light of the foregoing legal precepts and the particular facts |fiof this case, we conclude that these procedurally proper and timely requests constituted steps in the prosecution of the Hidalgos’ case as contemplated by article 561.
In determining whether the first requirement of the Clark criteria has been satisfied, it must be acknowledged that the plaintiffs’ pertinent requests for the scheduling conferences were formal actions in the court and were specifically authorized by and executed in accordance with, LSA-C.C.P. Article 1551 and the Uniform Rules for Louisiana District Courts, Rule 9.14(b).[4]
Further, given the objectives of the conferences as set forth in the case management schedule, it must be admitted that the ultimate purpose of the conference was to hasten the matter to judgment by selecting deadlines for the parties to conclude all pretrial matters. Indeed, the comments to Article 1551 state that the purpose of such a conference is to “[prepare] the case for trial.” Moreover, many district courts require scheduling conferences prior to fixing the matter for trial. Thus, the requests for the scheduling conferences herein could be said to be a necessary step that the Hidalgos had to fulfill in order to hasten their case to judgment.
The second and third requirements of the Clark criteria are likewise satisfied. It is undisputed that the Hidalgos’ requests were filed into the record of this matter.[5] Moreover, the Hidalgos’ first request was *439 filed within three years of January 11, 2000, which was the undisputed date of the last |7step taken by Catfish Queen, and that the Hidalgos’ second request was filed well within three years of their initial request. Admittedly, the district court did not ultimately conduct a scheduling conference as a result of the Hidalgos’ first request. But the fact that a valid step was taken by the Hidalgos is in no way negated by the subsequent outcome. Therefore, we conclude that the Hidalgos’ suit was not abandoned.
CONCLUSION
For the foregoing reasons, we hereby reverse the April 12, 2006 judgment dismissing Linda and Ivy Hidalgo’s claims against Catfish Queen. All costs of this appeal are assessed to Catfish Queen Partnership in Commendam d/b/a Belle of Baton Rouge Casino.
REVERSED.

. Rule 9.14(b) of the Uniform Rules for Louisiana District Courts provides, in pertinent part:
Any party may request in writing ... a La.Code Civ. Proc. Art. 1551 scheduling conference between counsel and the court.... A party requesting such a conference must deliver the original and one copy of the request to the clerk of court. The clerk of court shall file the original in the suit record, stamp "filed” on the copy, and route the copy to the assigned judge. Within 30 days after receiving a request for a scheduling conference, the court shall schedule a conference....

. Louisiana Code of Civil Procedure Article 1551 provides as follows:
A.In any civil action in a district court the court may in its discretion direct the attorneys for the parties to appear before it for conferences to consider any of the following:
(1) The simplification of the issues, including the elimination of frivolous claims or defenses.
(2) The necessity or desirability of amendments to the pleadings.
(3) What material facts and issues exist without substantial controversy, and what material facts and issues are actually and in good faith controverted.
(4) Proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence.
(5) Limitations or restrictions on or regulation of the use of expert testimony under Louisiana Code of Evidence Article 702.
(6) The control and scheduling of discovery.
(7) The identification of witnesses, documents, and exhibits.
(8) Such other matters as may aid in the disposition of the action.
B. The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.
C. If a party’s attorney fails to obey a pretrial order, or to appear at the pretrial and scheduling conference, or is substantially unprepared to participate in the conference or fails to participate in good faith, the court, on its own motion or on the motion of a party, after hearing, may make such orders as are just, including orders provided in Article 1471(2), (3), and (4). In lieu of or in addition to any other sanction, the court may require the party or the attorney representing the party or both to pay the reasonable expenses incurred by noncompliance with this Paragraph, including attorney fees.

. Published cases have established that a defendant waives his right to plead abandon *438 ment by appearing at and participating in a scheduling conference and signing a case management schedule because such actions are considered inconsistent with an intent to treat the case as abandoned. Seagrave v. Dean, 98-1295, p. 3 (La.App. 1 Cir. 7/6/99), 739 So.2d 923, 924, writ denied, 99-2856 (La. 12/17/99), 751 So.2d 879. See also Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983).
In an unpublished opinion, McAnelly v. Aero Resources, LLC, 2005-0351, p. 5 (La.App. 1 Cir. 3/24/06), 925 So.2d 771, 2006 WL 1096712, this court affirmed a trial court's judgment vacating its earlier judgment dismissing a suit based on abandonment, thereby effectively reinstating the suit. In that case, the plaintiff had sent a letter to the trial court requesting a scheduling conference in compliance with the procedure utilized by that particular court. We concluded "the trial court was not manifestly erroneous in finding that this action was made pursuant to the procedures followed by the trial court and that [plaintiff] took a step in the prosecution pursuant to LSA-C.C.P. art. 561.”

. In its extended discussion of abandonment in Clark, the supreme court included sections on both the construction standards and policy considerations attendant in abandonment analysis. From these, it is clear that the intent and substance of a party’s actions matter far more than technical formalities. See Clark, 2000-3010 at p. 9, 785 So.2d at 786. Thus, the fact the requests herein were made by letters rather than formal motions does not prohibit them from constituting formal actions in the trial court. Indeed, the proper procedure for requesting such a conference expressly required a "request in writing” as opposed to a formal motion. See Uniform Rule 9.14(b).

/ The Clark opinion notes that the purpose underlying Article 561’s requirements that steps taken be part of the record is to protect defendants through sufficient notice of a plaintiff’s actions. Clark, 2000-3010 at p. 17, 785 So.2d at 790. In addition to being filed into the record, it is noteworthy that both requests in this case provided the clerk’s office with notice information regarding the attorneys for each of the parties. Significantly, Catfish Queen does not argue that it received no notice in January 2003 and August 2005 that the Hidalgos clearly intended to move their case along and took action to do so.