McCLENDON, J.
^Plaintiffs, John Robert Tessier and Melati A. Tessier, appealed, asserting that the trial court erred in dismissing their case as abandoned. Finding a waiver of defendants’ right to have the case dismissed as abandoned, we reverse and remand.
FACTS AND PROCEDURAL BACKGROUND
Plaintiffs, the Tessiers, filed a suit for redhibition. Defendants, Walter Leonard Pratt and Margueritte Hanley Pratt, answered, filed a reconventional demand, and conducted discovery. In the course of discovery, defendants deposed several people. Plaintiffs sought copies of the depositions from defendants by letter, but did not schedule a date or time to inspect and copy the depositions, which were in the defendants’ possession in another state. Subsequently, within the three year prescriptive period for abandonment set by LSA-C.C.P. art. 561, plaintiffs sent the defendants a document partially entitled “REQUEST FOR PRODUCTION OF DOCUMENTS,” [1] which contained essentially one request. Defendants were asked to send to plaintiffs, at plaintiffs’ expense, “the original of all of the depositions [taken] in the Summer of 2002....” In addition, the plaintiffs offered to return the originals to the defendants after they were copied. Eventually, defendants sent the depositions to plaintiffs. During the negotiations over the copying of the depositions, no motion to compel or motion for sanctions was filed of record.
On June 12, 2007, defendants, in tandem with the plaintiffs, moved the court for adoption of a case management schedule and filed the motion into the record. Both counsel signed the motion. The proposed schedule contained discovery cutoff dates, and final dates for exchange of pretrial inserts and preparation and filing of a pretrial order. The trial court adopted the schedule by order signed on the same day of filing.
InAlmost two months later, on August 8, 2007, defendants filed an ex parte motion to dismiss the suit based on a claim of abandonment pursuant to LSA-C.C.P. art. 561. Accompanying the motion was a certificate of service, a document entitled, “affidavit,” and a memorandum in support of the motion. In the “affidavit,” defendants’ counsel verified that, “to the best of [her] knowledge and belief,” the facts stated in the memorandum in support of the ex parte motion to dismiss were “true and complete.” In the “FACTS” section of the memorandum itself, defendants’ counsel made the following statements in the pertinent numbered paragraphs:
19. The court required counsels’ attendance at the Status Conference (Case Management Scheduling Conference) on June 12, 2007. Defense counsel did so, advising the plaintiffs’ counsel that it was her opinion that the action had been abandoned, and she was present to advise the court of that position.
20. After meeting with plaintiffs’ counsel and upon learning that the judge had left for a previously scheduled appointment, defense counsel advised the judge’s judicial assistant of the need for *771 a telephone conference with the judge to discuss the abandonment issue, and one was held that afternoon. At that time[,] defense counsel advised the court of the defendants’ position that the case had been abandoned.
21. On that same date[,] defense counsel also requested that the plaintiffs’ counsel identify any cases(s) that would support his position that the action had not been abandoned. If he did so, she would certainly consider them, and, if he [was] correct, then she would not waste the court’s time, or his time by the filing [of] a motion to dismiss.
22. To date[,] plaintiffs’ counsel has not provided a single case in support of his clients’ position that the action was not abandoned.
23. In a telephone conference with plaintiffs’ counsel on August 1, 2007, defense counsel asked for ... his clients’ position that the case had not been abandoned. Plaintiffs’ counsel replied, “There are cases that say that the defendant has “waived” the abandonment argument by appearing at a status conference. He did not provide any citations to support this position. In fact[,] there is at least one case holding to the contrary, Willey v. Roberts, 664 So.2d 1371 (1st Cir.1995), cert. denied, 669 So.2d 422 (La.1996). This case held that the presence of defense counsel at a pretrial conference does not constitute a waiver of the defendant’s claim that the matter has been abandoned, when the abandonment was apparently disclosed during the conference (emphasis added).
24. Therefore, the defendants now file this motion [to dismiss based on abandonment], after having given the plaintiffs ample opportunity to provide legal authority to support their position that the case was not abandoned.
|Jn the “ARGUMENT” section of the memorandum, under the “Waiver” subtitle, defense counsel asserted that: “the abandonment issue was raised, not only in private discussions with the plaintiffs’ counsel on a few days prior to and again at the status conference ..., but also with the court’s judicial assistant that morning, and with the judge later that afternoon in a telephone conference call.”
On August 24, 2007, the trial court signed the order for dismissal contained in the ex parte motion. Subsequently, plaintiffs filed a motion to set aside the order of dismissal, asserting that the case had not been abandoned because plaintiffs “propounded formal discovery on July 8, 2004,” and defendants appeared for a status conference and signed a case management schedule on June 12, 2007, which was adopted by the trial court.
In oral reasons given at the end of a hearing on December 10, 2007, the trial court found that the transcribed depositions themselves were not formal discovery and that the copies could have been obtained from the court reporter, if necessary. The trial court then rendered judgment denying the plaintiffs’ motion to set aside the order or judgment of dismissal. The judgment denying the plaintiffs’ motion to set aside was signed on March 5, 2008.
On appeal, plaintiffs essentially assert two errors by the trial court. First, plaintiffs assert that the court erred in failing to find that the plaintiffs’ requests by letter, a telephone conference, and a written request for production of the depositions were sufficient to interrupt the prescriptive period for abandonment. Secondly, plaintiffs argue that the trial court erred in failing to find that the defendants’ appearance at the status conference and signature on the joint motion for adoption of a proposed case management schedule, with *772 out a reservation of rights, waived the defendants’ right to plead abandonment.
In response, defendants argue that no step in the prosecution of the case occurred between January 13, 2003, and January 13, 2006, and that defendants did verbally assert the claim for abandonment during and after the status conference and adoption of the management schedule. Thus, the case had been | ¡¡abandoned, defendants did not waive their abandonment claim, and the trial court was correct in dismissing the ease and denying plaintiffs’ motion to set aside the judgment of dismissal.
APPLICABLE LEGAL PRECEPTS ABANDONMENT
Under LSA-C.C.P. art. 561 A(l), an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. This article has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some “step” toward the prosecution of their lawsuit. A “step” is the taking of formal action intended to hasten the suit toward judgment, or the taking of a deposition, with or without formal notice. Second, the step must be taken in the proceeding, and, with the exception of formal discovery, the step must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period; sufficient action by either plaintiff or defendant will be deemed a step. Clark v. State Farm Mutual Automobile Insurance Company, 2000-3010, pp. 5-6 (La.5/15/01), 785 So.2d 779, 784; Hardy v. A. Wilbert’s Sons, L.L.C., 2006-1093, p. 5 (La.App. 1 Cir. 9/19/07), 970 So.2d 1063, 1065; see Willey v. Roberts, 95-1037, p. 4 (La.App. 1 Cir. 12/15/95), 664 So.2d 1371, 1375, writ denied, 96-0164 (La.3/15/96), 669 So.2d 422; Bendy v. City National Bank, 2006-2436, pp. 9-10 (La.App. 1 Cir. 10/17/07), 977 So.2d 8, 13 (request by plaintiff for conference to set timelines deemed a step in the prosecution); Hidalgo v. Catfish Queen Partnership in Commendam, 2006-1531, pp. 5-7 (La.App. 1 Cir. 5/4/07), 961 So.2d 434, 437-39 (requests by plaintiffs for scheduling conferences held a step in the prosecution); see also LSA-C.C.P. art. 561.
There are two jurisprudential exceptions that allow abandonment to be defeated by matters not appearing of record or not involving formal discovery. The first is based on contra, non valentem, which applies where circumstances beyond a plaintiffs control prevent an action, and the other arises from a waiver of the right to assert abandonment by a defendant who has taken actions | ¡¡inconsistent with the intent to treat the case as abandoned. Clark, 2000-3010 at p. 7, 785 So.2d at 784-85. Only a defendant’s act can have an effect post-abandonment. Clark, 2000-3010 at p. 15, 785 So.2d at 789; Seagrave v. Dean, 98-1295, p. 3 (La.App. 1 Cir. 7/6/99), 739 So.2d 923, 924, writ denied, 99-2856 (La.12/17/99), 751 So.2d 879 (defendants’ participation in status conference and signing of case management schedule constituted a waiver).
Article 561 is to be liberally construed in favor of maintaining a plaintiffs suit. Clark, 2000-3010 at p. 8, 785 So.2d at 785; Bendy, 2006-2436 at p. 8, 977 So.2d at 12. Dismissal of a plaintiffs lawsuit is the harshest of remedies. Thus, the law favors, and justice requires, that an action be maintained whenever possible so that the aggrieved party has the day in court to which he is entitled. Hidalgo, 2006-1531 at p. 5, 961 So.2d at 437. For these reasons, courts have declined to allow form to prevail over substance in deciding if an action has been truly aban *773 doned and declined to allow suits to be dismissed based on mere technicalities. Clark, 2000-3010 at p. 9 & n. 12-n. 13, 785 So.2d at 786 & n. 12-n. 13; Hidalgo, 2006-1531 at p. 5, 961 So.2d at 437.
STANDARD OF REVIEW
Generally, the issue of abandonment concerns a question of law. The scope of appellate review for issues of law is simply to determine whether the trial court’s interpretative decision is legally correct. Voisin v. International Companies & Consulting, Inc., 2005-0265, p. 3 (La.App. 1 Cir. 2/10/06), 924 So.2d 277, 279, writ denied, 2006-1019 (La.6/30/06), 933 So.2d 132. When the trial court’s decision is based on an erroneous application of law, rather than on a valid exercise of discretion in the underlying factual determinations, the decision is not entitled to deference by the reviewing court and, instead, is subject to a de novo review. Voisin, 2005-0265 at pp. 3-4, 924 So.2d at 279-280.
DISCUSSION
Initially, we note that there are no filings of record between September 18, 2002, and June 12, 2007. However, it is undisputed that plaintiffs answered ^^defendants’ interrogatories on January 13, 2003, which, although not on the record, constitutes an act of formal discovery and a valid, recognized step in the prosecution of the case. See LSA-C.C.P. art. 561 B; Clark, 2000-3010 at pp. 5-6, 785 So.2d at 784. Therefore, the inquiry is whether the three year prescriptive period was interrupted or whether one of the jurisprudential exceptions, specifically waiver, applies in this ease. Waiver will be addressed first.
On June 12, 2007, defendants did more than merely attend a status or scheduling conference. Defendants, in tandem with the plaintiffs, filed in the record a motion for adoption of a case management schedule. Both counsel signed the motion. The proposed schedule contained discovery cutoff dates and final dates for exchange of pretrial inserts and preparation and filing of a pretrial order; all formal steps in the case meant to “hasten the matter to judgment.” Seagrave, 98-1295 at p. 3, 739 So.2d at 924. The trial court adopted the schedule by order signed on the same day of filing. Neither the motion nor the signed order contained a reservation or mention of a reservation of the right to assert abandonment. Under these facts, the joint motion to adopt the schedule and the signing of the case management schedule were steps sufficient to establish a waiver of the defendants’ right to plead abandonment. See Seagrave, 98-1295 at p. 3, 739 So.2d at 924; Hidalgo, 2006-1531 at pp. 5-6, 961 So.2d at 437-38.
Notwithstanding defendants’ post-abandonment step, they rely on the Willey case as authority for their position that a discussion of abandonment prevented the step from acting as a waiver of their right to have the case dismissed. See Willey, 95-1037 at pp. 6-7, 664 So.2d at 1376. In Willey, this court held that defense counsel’s mere attendance at a pretrial conference did not amount to a waiver of abandonment, especially when the plaintiffs did not assert that defense counsel had “engaged in any conduct or made any representation contrary to defendants’ position that the case had been abandoned,” i.e., plaintiffs did not assert a waiver by defendants. The court further noted that the motion to dismiss contained a reference to a discussion of ┴8abandonment. Willey, 95-1037 at p. 7, 664 So.2d at 1376. The Willey court reiterated this basis for its holding in a footnote. See Willey, 95-1037 at. 7 n. 4, 664 So.2d at 1376 n. 4.
*774 The facts of Willey, however, are different from the facts herein. In this case, plaintiffs did and do assert that defendants took a step contrary to a position that the case had been abandoned by executing a case management schedule without any reservation of rights to assert a claim for abandonment. Further, the record reflects that defendants did more than merely attend a pretrial conference. Thus, the remaining question is whether a verbal assertion would act as an operable reservation of the right to have a case dismissed as abandoned.
 In this case, the timing is crucial. Even if we assume the facts alleged in the memorandum to be true,[2] we note that defendants raised the question of abandonment at the same time they signed the scheduling order. Those two acts are inherently inconsistent, and thus, one act must take precedence over the other. Under the facts herein, the simultaneous verbal assertion did not void the affirmative act of signing the scheduling order, which appears in the record and clearly hastened the suit to judgment. To find otherwise would be in direct contravention of the jurisprudential policy in favor of maintaining a suit and allowing the plaintiffs their day in court. Therefore, under the facts of this case, the trial court erred in ordering the judgment of dismissal.
Having found that one of the jurisprudential exceptions applied, we pretermit the question of whether plaintiffs’ act of seeking copies of depositions taken in this case, wherein plaintiffs’ counsel was present, interrupted prescription. Although plaintiffs’ written request for production may have | spotentially qualified as format discovery, the result here would be the same. Thus, the judgment of dismissal must be reversed and the case remanded.
CONCLUSION
For these reasons, we reverse the judgment of dismissal and remand for further proceedings consistent with this opinion. The costs of the appeal are assessed to the defendants-appellants, Walter Leonard Pratt and Margueritte Hanley Pratt.
REVERSED AND REMANDED.
PARRO, J., concurs.
WELCH J., concurs with reasons assigned.

. The said request for production contained a certificate of service certifying that the docu-menl had been forwarded to opposing counsel.

. In the brief to this court, defense counsel asserts that defendants were instructed by the trial court's judicial assistant to sign the "scheduling order.” However, the record on appeal, including defendants' memorandum in support of their motion to dismiss, contains no such statement or allegation. Arguments and assertions made in appellate briefs are not part of the record on appeal and are not considered as evidence by this court. Traman v. Hebert, 581 So.2d 1023, 1027 (La.App. 1 Cir.), writ denied, 584 So.2d 1169 (La.1991). Thus, we make no determination on the effect of a signing made at the direction of trial court personnel.