# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-147

COLE'S CONSTRUCTION CREWS, INC.

VERSUS

J-O-B OPERATING COMPANY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 71911
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

**REVERSED AND REMANDED.**

**Allan L. Durand**
**Attorney at Law**
**235 La Rue France**
**Lafayette, Louisiana  70508**
**(337) 237-8501**
**Counsel for Plaintiff/Appellant:**
        **Cole's Construction Crews, Inc.**

**Edmond L. Guidry, III**
**Attorney at Law**
**324 South Main Street**
**St. Martinville, Louisiana  70582**
**(337) 394-7116**
**Counsel for Plaintiff/Appellant:**
        **Cole's Construction Crews, Inc.**

**Glenn L. Langley**
**B. Lee Carr, Jr.**
**Hargrove, Smelley, Strickland & Langley**
**401 Market Street, Suite 600**
**Shreveport, Louisiana  71101**
**(318) 429-7200**
**Counsel for Defendant/Appellee:**
  **J-O-B Operating Company**

**KEATY, Judge.**

Cole's Construction Crews, Inc. (Cole's) appeals from a judgment denying its motion to set aside an ex parte order which dismissed its suit against J-O-B Operating Company (JOB) on the grounds of abandonment. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Cole's filed a suit on open account against JOB on April 2, 2007. After JOB filed an answer and affirmative defenses, Cole's propounded interrogatories and requests for production on JOB on October 29, 2007. JOB answered the discovery and served its responses on Cole's on July 28, 2009.

On June 27, 2011, JOB filed a motion to dismiss suit on grounds of abandonment. Cole's filed a motion requesting that the trial court schedule a hearing on the motion to dismiss. JOB opposed Cole's motion, contending that the law did not provide for a hearing on a motion to dismiss for abandonment. After an ex parte order granting the motion to dismiss was signed on July 6, 2011, Cole's filed a rule to set aside the order of dismissal.[1] JOB opposed the rule. Following a hearing, the trial court denied Cole's motion to set aside the dismissal.

Cole's now appeals, asserting that the dismissal of its suit on grounds of abandonment when JOB served answers to interrogatories on Cole's less than two years earlier was reversible error. Cole's further contends that the granting of a motion to dismiss for abandonment was reversible error when the motion was not accompanied by the affidavit required by La.Code Civ.P. art. 561.

---

[1] At the August 10, 2011 hearing on the motion to set aside the dismissal before Judge Wattigny, the judge to whom this matter was alloted, counsel for JOB explained that the motion to dismiss had been signed by Judge Comeaux.

## DISCUSSION

Louisiana Code of Civil Procedure Article 561, entitled "Abandonment in trial and appellate court" provides, in pertinent part, as follows:

> A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
>
> . . . .
>
> (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
>
> . . . .
>
> B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

Louisiana Code of Civil Procedure Article 1474(C)(4) provides that "[t]he serving of any discovery materials pursuant to the provisions of this Article shall be considered a step in the prosecution or defense of an action for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings." "Interrogatories and the answers thereto" are listed in Article 1474(B) and, therefore, are some of the types of discovery materials referenced in Article 1474(C)(4).

In *Clark v. State Farm Mutual Automobile Insurance Co.*, 00-3010, pp. 5-6 (La. 5/15/01), 785 So.2d 779, 784 (footnote omitted), the Louisiana Supreme Court noted:

> Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as

2

taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by *either party*; sufficient action by either plaintiff or defendant will be deemed a step.

Article 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order. To avoid a possible waiver of the right to assert abandonment, a defendant is instructed by Article 561 on the proper procedure to utilize to obtain an ex parte order of dismissal. If despite some action by defendant during the three-year period that arguably constitutes a waiver the judge signs the ex parte dismissal order, the proper procedural mechanism is for the plaintiff to "rule defendant into court to show cause why the ex parte dismissal should not be vacated. . . ."

The *Clark* court then referenced the following two prescription-based jurisprudential exceptions to the abandonment rule which allow the trial court to considerer evidence outside of the record in determining whether a case has been abandoned.

Those two exceptions are: (1) a plaintiff-oriented exception, based on *contra non valentem*, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.

*Id.* at 784-85.

"The jurisprudence has uniformly held that La. C. Civ. Pro. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit." *Id.* at 785.

Dismissal of a plaintiff's lawsuit is the harshest of remedies. Thus, the law favors, and justice requires, that an action be maintained whenever possible so that the aggrieved party has the day in court to which he is entitled. For these reasons, courts have declined to allow form to prevail over substance in deciding if an action has been truly abandoned and declined to allow suits to be dismissed based on mere technicalities.

*Tessier v. Pratt*, 08-1268, p. 6 (La.App. 1 Cir. 2/13/09), 7 So.3d 768, 772-73 (citation omitted).

3

Generally, the issue of abandonment concerns a question of law. The scope of appellate review for issues of law is simply to determine whether the trial court's interpretative decision is legally correct. When the trial court's decision is based on an erroneous application of law, rather than on a valid exercise of discretion in the underlying factual determinations, the decision is not entitled to deference by the reviewing court and, instead, is subject to a *de novo* review.

*Id.* at 773 (citation omitted).

The Louisiana Supreme Court has explained how courts of this state are to interpret statutes:

"[L]egislation is the solemn expression of the legislative will and, therefore, the interpretation of a law primarily involves the search for the legislature's intent. The starting point in ascertaining that legislative intent is the language of the statute itself. In examining that language, words and phrases are to be read in their context and to be accorded their generally prevailing meaning. LSA-C.C. art. 11; LSA-R.S. 1:3."

*City of New Orleans v. La. Assessors' Ret. & Relief Fund*, 05-2548, pp. 19-20 (La. 10/1/07), 986 So.2d 1, 16-17 (citations omitted). "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the legislature's intent. LSA–C.C. art. 9; LSA–R.S. 1:4." *Id.* at 17.

***Did Defendant's Service of Answers to Interrogatories Constitute a Step in the Defense of the Case or Amount to a Waiver of its Right to Claim Abandonment?***

In 1983, our supreme court stated in *Chevron Oil Co. v. Traigle*, 436 So.2d 530, 532 (La.1983) that the "filing of answers to interrogatories are 'steps' in the prosecution of the suit."[2] Cole's submits that *Traigle* is still good law. It further submits that none of the amendments made to Article 561 since that ruling nor the 1989 amendments to the Louisiana Code of Civil Procedure, which provided that discovery was no longer to be filed in the record, altered the holding in *Traigle*. Cole's also directs this court's attention to *Tessier*, 7 So.3d at 773, where in 2009,

---

[2] *See* n.1, citing *Edwards v. Giambrone*, 353 So.2d 326 (La.App. 1 Cir. 1977), *writ denied*, 354 So.2d 1375 (La.1978).

4

the first circuit, citing Article 561 and *Clark*, remarked that while there were "no filings of record between September 18, 2002, and June 12, 2007[,] . . . it is undisputed that plaintiffs answered defendants' interrogatories on January 13, 2003, which, although not on the record, constitutes an act of formal discovery and a valid, recognized step in the prosecution of the case."[3]

Because interrogatories and the *answers thereto* are specifically listed in Article 1474(B), Cole's submits that answers to interrogatories, when properly served on all parties, are a type of discovery materials referenced in Article 1474(C)(4) which "shall be considered a step in the prosecution or defense of an action for the purposes of Article 561." La.Code Civ.P. art. 1474(C)(4). Based on the foregoing, Cole's submits that the trial court erred in dismissing its case because JOB filed answers to interrogatories less than three years before it filed its motion to dismiss.

JOB counters that *responses* to discovery are not formal discovery and thus not a step in the prosecution or defense of a case. It further submits that Article 561 is self-executing and that abandonment occurs automatically upon the passing of three years without a step being taken by either party.

In the instant matter, Cole's propounded interrogatories on JOB on October 29, 2007. JOB voluntarily answered Cole's interrogatories and served those answers on Cole's on July 28, 2009. Less than two years later, JOB moved

---

[3] Compare *La. Dep't of Transp. and Dev. v. Oilfield Heavy Haulers*, L.L.C., 10-1392 (La.App. 3 Cir. 4/6/11), 62 So.3d 308 (Saunders, J., dissenting), *reversed*, 11-912 (La. 12/6/11), 79 So.3d 978, where this court affirmed the trial court's dismissal of a suit as abandoned, holding that neither discovery responses sent by the plaintiff to one defendant in a multi-party suit but not served on all remaining defendants, nor a letter sent by one of the defendants to the plaintiff requesting a Rule 10.1 discovery conference, were steps in the prosecution or defense of the action sufficient to interrupt abandonment. In his dissent, Judge Saunders expressed his view that "the discovery responses, alone, should warrant reversing the trial court" and that the majority's failure to recognize as much went against the purpose of La.Code Civ.P. art. 561. The supreme court granted writs and reversed, finding that "scheduling a Rule 10.1 conference constitutes a step in the prosecution or defense of an action sufficient to interrupt abandonment." Because its holding was dispositive of the case, the supreme court pretermitted discussion of DOTD's remaining arguments.

to have Cole's suit dismissed as abandoned. After considering the relevant jurisprudence and applying the plain meaning of La.Code Civ.P. arts. 561 and 1474 to the facts of this matter, we are convinced that when a defendant answers the plaintiff's interrogatories and properly serves those answers on all parties to the action, as was done by JOB in this case, those actions qualify as a step in the defense of the case sufficient to prevent the action from being deemed abandoned. Moreover, when a defendant voluntarily answers discovery propounded by a plaintiff more than one and one-half years before, especially when it has not been prompted to do so by a motion to compel discovery, that action is certainly not consistent with treating the case as abandoned. Thus, although JOB is correct in its assertion that La.Code Civ.P. art. 561 is self-operative upon the passage of three years where no steps in the prosecution or defense of the action have been taken, in this case no abandonment occurred due to its answering and serving of Cole's interrogatories less than two years after the previous last step in the case.

Because JOB's answering of discovery was a step in the defense of the case and served to waive its right to assert that Cole's case against it had been abandoned, we conclude that the trial court erred in denying Cole's motion to set aside the ex parte order of dismissal. Accordingly, the trial court's judgment will be reversed. As a result, we pretermit discussion of Cole's second assignment of error.

**DECREE**

For the foregoing reasons, the judgment of the trial court denying Cole's motion to set aside order of dismissal is reversed and this matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed against J-O-B Operating Company.

**REVERSED AND REMANDED.**

6