650 So.2d 1243 (1995)
Sal GUARINO
v.
PENDLETON MEMORIAL METHODIST HOSPITAL, et al.
Nos. 94-CA-1264, 94-CA-2064.
Court of Appeal of Louisiana, Fourth Circuit.
February 23, 1995.
*1244 Darryl J. Tschirn, Tschirn & Thomson, La Jolla, CA, for plaintiff/appellant Sal Guarino.
Lloyd W. Hayes, Thomas, Hayes, Beahm & Buckley, New Orleans, for defendant/appellee Pendleton Memorial Methodist Hosp.
Dominic J. Gianna, Marshall J. Simien, Jr., Middleberg, Riddle & Gianna, New Orleans, for defendant/appellee Dr. John McLachlan.
Before SCHOTT, C.J., and ARMSTRONG and MURRAY, JJ.
MURRAY, Judge.
Sal Guarino appeals the decision of the trial court dismissing his medical malpractice claims against Dr. John McLachlan and Pendleton Memorial Methodist Hospital (Methodist) pursuant to La.Code Civ.Proc. art. 561, which provides that an action is abandoned when the parties fail to take any action in its prosecution or defense in the trial court for a period of five years.
Mr. Guarino also appeals the trial court's dismissal of a second action, asserting the same claims against Dr. McLachlan and Methodist, on the basis of prescription.
Sal Guarino filed a medical malpractice action, CDC # 83-5176, against Dr. McLachlan and Methodist on March 28, 1983. On that date he also requested that the Commissioner of Insurance convene a medical review panel as required by the Louisiana Medical Practice Act. Service of the petition was made on Methodist. However, plaintiff requested that the sheriff withhold service on Dr. McLachlan. Both health care providers were notified by the Insurance Commissioner of the request for a medical review panel.
Methodist filed an exception of prematurity in the district court action, which was maintained. That case, #83-5176, was dismissed as to Methodist, but not as to Dr. McLachlan, on September 6, 1984.
The medical review panel rendered an opinion in this matter on January 27, 1987.[1] On February 24, 1988, less than five years from the date of the last action before the court in prosecution or defense of case # 83-5176, plaintiff filed a Supplemental and Amending Petition therein, which once more added Methodist, who previously had been dismissed as a defendant.
On October 8, 1989, plaintiffs filed another action which was docketed under CDC # 89-21443.[2]
On March 24, 1988, the trial court granted Dr. McLachlan's Motion to Dismiss the suit against him in action # 83-5176 for want of prosecution. The court held that activity in action # 89-21443 did not amount to prosecution in the earlier filed suit, # 83-5176.
The court apparently did not consider the February 24, 1988, filing of the Supplemental and Amending Petition in # 83-5176. If filing this amending petition was a step in the prosecution or defense in the trial court Art. 561 does not apply and case # 83-5176 was not abandoned.
Counsel for Dr. McLachlan argues that filing the amending petition did nothing to move the action toward judgment, and, therefore, was not a step in the prosecution of this case as required by the cases interpreting Art. 561. Counsel bases this argument on his contention that the amending petition was simply a restatement of the original petition, named no new parties, and *1245 requested service on no party that had not been served at the time of the filing or the original petition[3].
This argument has no merit. Suit # 83-5176 had been dismissed as to Methodist on September 26, 1984. Thus, the supplemental petition did add a new party, the previously dismissed hospital. The filing of the amending petition demonstrated that Mr. Guarino had not abandoned this action, and was taking steps to pursue it.
An action taken with respect to any one defendant is considered a step in the prosecution of other defendants regardless of whether they have been served. Sprowl v. Whol, 576 So.2d 638 (La.App. 4th Cir.), writ denied, 580 So.2d 928 (La.1991). The filing of the Supplemental and Amending Petition was a formal step in the prosecution of this case within five years, and case # 83-5176 should not have been dismissed as having been abandoned.
The trial court sustained an exception of prescription by Methodist and dismissed suit # 83-5176 as to it. We find that the claim against Methodist was not prescribed and should not have been dismissed.
Filing of the original petition in this case interrupted prescription as to both Dr. McLachlan and Methodist as they were alleged to be solidarily liable to plaintiff. La. Civ.Code art. 1799 and 3503; Chalstrom v. Desselles, 433 So.2d 866 (La.App. 4th Cir.), writ denied, 438 So.2d 215 (La.1983). Case # 83-5176 was dismissed as to Methodist only. It remained alive as to Dr. McLachlan. As discussed above, the case was not abandoned on February 24, 1988, the date on which the petition was amended to add Methodist. Prescription of the claim against Methodist, which is alleged to be solidarily liable with the doctor, was interrupted even though the petition was not amended to add Methodist until more than 90 days from the date of the rendering of the opinion by the medical review panel.
The trial court also dismissed case # 89-21443 as to both Dr. McLachlan and Methodist as prescribed, having been filed more than 90 days after the date the medical review panel rendered its decision. For the reasons discussed above these claims were not prescribed. Case # 89-21443 should be consolidated with case # 83-5176.
REVERSED AND REMANDED.
NOTES
[1] While the matter was pending before the medical review panel Dr. McLachlan filed a Petition to Institute Discovery in the district court, pursuant to La.Rev.Stat. 40:1299.47 D(4). This was assigned docket # 84-14824, and at least two depositions were taken in this proceeding.
[2] Appellant states that this action was filed as a cautionary measure because the file containing # 83-5176 was misplaced in the Clerk's Office. On October 1, 1991, the Clerk of Court noted that the file in case # 83-5176 had been found filed in # 84-14824, the number assigned to the Petition to Institute Discovery filed by Dr. McLachlan.
[3] As with the original petition, plaintiff again withheld service on Dr. McLachlan.