liYELVERTON, Judge.
Donald Carraway (Carraway) appeals the dismissal of his action on the basis of abandonment. We conclude that Carraway took actions that constituted “steps” toward prosecution of his case as required by La.Code Civ.P. art. 561. Accordingly, there was no abandonment. We reverse.
PROCEDURAL FACTS
December 5, 1986 — Carraway filed suit against the City of Alexandria, alleging that the City of Alexandria condemned and demolished his property in violation of Louisiana condemnation articles and his due process rights. IgHe also alleged that the demolition constituted a taking without compensation in contravention of the Louisiana Constitution.
February 10, 1987 — The City of Alexandria filed an answer to Carraway’s petition.
October 22, 1990 — Carraway took the deposition of a witness, Charles Carlisle, *315 who had been hired by the City of Alexandria to demolish Carraway’s building. Carraway did not file this deposition into the record until 1995.
October 17, 1995 — Carraway filed an amended petition wherein he alleged two additional items of damage: loss of rents and mental anguish. Also, he amended the original petition by alleging that the City of Alexandria committed an “arbitrary and capricious” act when it took his property without “due process of law.”
October 18, 1995 — The judge signed an order to allow the filing of Carraway’s amended petition.
October 27, 1995 — City of Alexandria filed an ex parte motion to dismiss Carra-way’s claim on grounds of abandonment. It argued that “the last record of any action with regard to this suit was a filing on October 7,1990.” [There is no such filing in the record.] The motion concluded with the observation that “this action was abandoned for failure to prosecute for a period of five years on October 8,1995.”
October 27, 1995 — The trial judge signed the judgment dismissing Carraway’s petition “as of October 8, 1995, ... on the grounds of abandonment.”
November H, 1995 — Carraway filed a “Motion to Set Aside Ex Parte Dismissal on the Ground of Abandonment” wherein he requested a contradictory | shearing in order to prove that he had taken two separate steps toward prosecution, both within the five year period.
November 19, 1996 — After a contradictory hearing, the trial judge again ruled in favor of the City of Alexandria, denying Carraway’s motion to vacate the ex parte dismissal. This is the judgment appealed.
OPINION
On appeal, Carraway argues that the following two actions, taken less than five years apart, saved his suit from abandonment: 1) The deposition of Charles Carlisle taken on October 22, 1990, and 2) the amended petition filed on October 17, 1995. For the reasons below, we agree with Carraway that these two actions constituted steps in the prosecution of his claim, precluding a finding of abandonment.
According to La.Code Civ.P. art. 561(A), a suit is abandoned “when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years.”(Emphasis provided) In Department of Transportation and Development v. Waste Management, Inc., 626 So.2d 59, 61 (La.App. 3 Cir.1993), this court interpreted Article 561 as follows:
All that is relevant is whether a “step” in the prosecution of the case was taken within the five years.... The word [step] requires liberal construction. Interpreting the word liberally, we do not believe that it is necessary that the step actually move the case forward as the trial judge apparently believed. We think the more important consideration is whether the step taken demonstrates that the party has not abandoned either the prosecution or the defense of the case.
(Citation omitted.)
UWe must determine whether Carra-way’s two actions, i.e., the deposition and the amended petition, constituted steps within the meaning of Article 561, mindful that the crucial term, “step”, is to be given a liberal construction. As to the deposition that Carr-away took on October 22,1990, this court has held that the mere notice of intention to take a deposition, at least when filed in the record, constituted a step in prosecution. Highlands Ins. Co. v. City of Lafayette, 453 So.2d 608 (La.App. 3 Cir.1984), writ denied, 458 So.2d 119 (La.1984). Although Carraway delayed filing the deposition into the record until 1995, La.Code Civ.P. art. 1446(D) is controlling and reads as follows: *316 Based on the above article, we conclude that the deposition was a step in prosecution of Carraway’s action, notwithstanding its late filing into the record. See Viesel v. Republic Ins. Co., 95-0244 (La.App. 4 Cir. 11/30/95); 665 So.2d 1221, wherein the fourth circuit reached a similar conclusion.
*315 The taking of a deposition shall be considered a step in the prosecution or defense of an action for the purposes of Article 561, notwithstanding that the deposition is not filed in the record of the proceedings.
*316 Having concluded that the October 22, 1990 deposition constituted a “step” sufficient to interrupt abandonment, we next determine if Carraway completed another “step” within five years of October 22, 1990. On October 17, 1995, Carraway filed his amended petition. This action, while near the expiration date of October 23, 1995, was nevertheless completed before the full five years had accrued. Carraway’s amended petition contained items not originally alleged and, as such, did more than simply restate the original petition. We agree with the Fourth Circuit that the filing of an amended petition is a “step” within the meaning of Article 561, if the amended |5petition is more than a restatement of the original petition. Guarino v. Pendleton Memorial Methodist Hosp., 94-1264, 94-2064 (La.App. 4 Cir. 2/23/95); 650 So.2d 1243. Therefore, we conclude that Carraway’s amended petition, filed before the five year period had accrued, was a “step”in the prosecution of the case and should have prevented a finding of abandonment as well as the subsequent dismissal.
We reverse at appellee’s cost.
REVERSED.