PARRO, J.
| ^Pursuant to a remand order, we consider the entire record of these proceedings. We find that within three years of the date on which the last answer was filed, plaintiffs’ counsel hand delivered discovery responses to another counsel of record, who was enrolled as counsel of record for both defendants. The delivery of these discovery responses constituted a step in the prosecution of the case pursuant to Louisiana Code of Civil Procedure article 561, precluding this suit from being abandoned. Thus, we vacate this court’s prior action, which granted defendant Sheriff Mike Cazes’ application for supervisory writs and granted his motion to dismiss the plaintiffs’ claims, and we hereby deny Sheriff Cazes’ writ application. Accordingly, this matter is remanded to the district court for further proceedings.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
In August 2008, plaintiffs, Gerald Bell, Sr. and Lularose S. Bell, filed a personal injury suit, naming the West Baton Rouge Parish Sheriffs Office (“the Sheriffs Office”) and the Louisiana State Police as defendants. The Bells alleged that in September 2006, Mr. Bell was arrested by a Louisiana State Police trooper and transported to the West Baton Rouge Parish Detention Center. During the booking process, Trooper David allegedly struck him, taking him to the ground. Mr. Bell asserts that once he was on the ground, several West Baton Rouge Parish Sheriff officers violently attacked him. Mr. Bell allegedly sustained serious injuries, requiring several surgeries. The Bells claim the incident resulted due to the intentional acts, negligence, or fault of the Louisiana State Police and the Sheriffs Office. More specifically, they assert a battery was committed on Mr. Bell, which resulted from inadequate security and improper training of defendants’ personnel.
On October 7, 2008, F. Jonathan Rice, Assistant Attorney General for the Louisiana Department of Justice, on behalf of Attorney General James D. “Buddy” Caldwell, filed a motion and order to enroll as counsel, which indicated Mr. Rice represented both the Louisiana State Police and the Sheriffs Office. The Bells had served the Sheriffs Office through Sheriff Cazes, who answered the suit in October |a2008, identifying himself as a defendant who had been incorrectly designated as the Sheriffs Office; this answer was filed by Fred Schroeder of Usry, Weeks & Matthews. Additionally, the State of Louisiana through the Department of Public Safety, Office of the State Police (“the State”) answered the suit in October 2008; this *521 answer was filed by Mr. Rice.[1]
On April 14, 2011, the Bells filed into the record their respective responses to the State’s interrogatories and requests for production of documents. The certificates of service included in these discovery responses indicated the following, in pertinent part:
I hereby certify that a copy of the ... foregoing has been sent to all counsel of record via hand delivery ... on this the 14th day of April, 2011:
F. Jonathan Rice
Assistant Attorney General
Louisiana Department of Justice
Litigation Division
[Address and phone number omitted]
Along with the discovery responses, the Bells also filed a motion to enroll Mary Olive Pierson as additional counsel of record; the district court signed an order authorizing her enrollment on April 28, 2011.[2]
On January 11, 2013, Sheriff Cazes filed an ex parte motion to dismiss the Bells’ suit on grounds of abandonment, urging that no steps had been taken in the prosecution of this action for a period in excess of three years.[3] Sheriff Cazes maintained that the last step pursuant to La.Code Civ. P. art. 561 was taken as of July 6, 2009, the date on which Sheriff Cazes and the State had participated in a Louisiana District Court Rule 10.1 conference with regard to outstanding discovery.[4] In support of |4the motion to dismiss, Sheriff Cazes submitted an affidavit of his counsel, Jason P. Wixom, attesting that: 1) according to information provided by the 18th Judicial District Clerk of Court, the record in this matter “indicates that no action sufficient to interrupt the abandonment [period] has been taken in the prosecution or the defense of this matter since July 6, 2009”; 2) a review of Wixom’s file in this matter revealed no “acts sufficient to interrupt the running of ... abandonment has [sic] been taken ... since July 6, 2009”; and 3) Sheriff Cazes was not served with a copy of the Bells’ responses to the discovery propounded by the State. As an attachment to the motion to dismiss, Sheriff Cazes submitted a July 7, 2009 letter from Mr. Rice to Mr. Schroeder that referenced “our earlier conversation of yesterday (which served as [a] 10.1 conference) .... ” This letter does not indicate that a copy was mailed to Ms. Pierson or other counsel of record enrolled on behalf of the Bells. Thus, the record did not contain any reference to the discovery referenced in the letter or the Rule 10.1 conference involving these defendants until January 11, 2013.
In the memorandum in support of the motion to dismiss, Sheriff Cazes asserted *522 that although the Bells had served their April 2011 discovery responses upon Mr. Rice, the “attorney for the State,” they had “failed to serve their discovery responses to Defendant Sheriff Mike Cazes.”[5] He further an maintained that the discovery responses were merely filed into the record and were not mailed to his counsel of record.
Following a contradictory hearing, the district court denied Sheriff Cazes’ motion to dismiss by judgment dated March 28, 2013, concluding that the abandonment period had been interrupted when the Bells filed their discovery responses into the record. The district court phrased the issue presented as “whether the [Bells had] interrupted prescription as to all defendants by filing written answers to discovery into the record and timely mailing them to only one defendant, the [State,] through their counsel of record.”
Thereafter, Sheriff Cazes filed an application for supervisory writs, and by an action dated September 24, 2013, this court granted the writ, reversed the district IfiCourt’s judgment, and granted Sheriff Cazes’ motion to dismiss. This court reasoned, “Because plaintiffs’ discovery responses were not ‘served on all parties’ as required by La.Code Civ. P. art. 561, they did not constitute a step in the prosecution of this action.” Bell v. Louisiana State Police, 13-0863 (La.App. 1st Cir.9/24/13) (unpublished)(Whipple, C.J., and Drake, J., dissenting on the basis that they would have denied the writ).
The Bells then filed an application for supervisory writs with the supreme court, Docket No. 13-CC-2505, urging that this court had erred by finding that discovery responses filed “In the Record ” were not a step in the prosecution of an action pursuant to La.Code Civ. P. art. 561.[6] In their writ application to the supreme court, counsel for the Bells maintained, in relevant part:[7]
Although a copy of the discovery responses was not mailed to the attorney for the Sheriff of West Baton Rouge Parish, it is not disputed that the discovery responses were filed “in the trial court” record of the case which served as notice to all parties that the Bells had clearly demonstrated that they had no intention of abandoning their case.
The Bells asserted that their actions of filing discovery responses into the record constituted a “step” in the prosecution of the case that interrupted the three-year period addressed in Article 561A. They contended, “When the legislature expanded ‘steps in the prosecution’ by adding Section B of Article 561 to include ‘off the record’ discovery and responses, it did not restrict or even attempt to restrict the provisions of Section A which provides that such filings ‘in the trial court’ are a step in the prosecution of an action.”[8] The Bells maintained that this court had impliedly and judicially repealed Section A(l) of Article 561 insofar as it relates to discovery or discovery responses.[9] They urged, “Until now, no court has found that discovery requests or responses filed into the trial court record within three years, but served on less than all parties, do not qualify as a step in the prosecution of the case.”[10] Thus, the Bells asserted the writ *523 application should be granted on the basis of erroneous interpretation and application of law. Citing Delta American Corp. v. Reliant \6 Technologies, Inc., 09-1895 (La. App. 1st Cir. 5/11/10), 2010 WL 1872877(unpublished), as standing for the proposition that “discovery filed in the record, but not necessarily served on all parties, counts as a ‘step in the prosecution,’ ” the Bells urged this court’s action in the present case was in conflict with Delta American Corp.[11]
The supreme court granted the Bell’s writ application and remanded the matter to this Court for briefing, argument, and opinion. The supreme court further directed, “In its opinion, the court of appeal should discuss its earlier holding in [Delta American Corp.].” Bell v. Louisiana State Police, 13-2505 (La.1/17/14), 130 So.3d 335.
On remand, Sheriff Cazes again asserts the district court erred in denying his motion for entry of a formal judgment of dismissal because the April 2011 discovery responses had not been served on all parties to the proceeding, and as such they did not constitute a “step.” Sheriff Cazes thus maintains that this discovery, improperly filed in the record, had no effect on the abandonment of the Bells’ suit. He urges that for abandonment purposes, formal discovery can only interrupt the abandonment period if it is served on all parties to the proceeding, citing La.Code Civ. P. art. 561B. Alternatively, Sheriff Cazes asserts these discovery responses should have no effect on the running of the abandonment period because they were signed by an attorney who was not yet enrolled as counsel of record when the responses were signed. Sheriff Cazes submits the matter was abandoned by the Bells as of July 6, 2012, at the latest, |7when no cognizable step in either the prosecution or defense of the lawsuit had occurred since July 6, 2009, when defendants had participated in the Rule 10.1 conference with regard to outstanding discovery.
The Bells, in their remand brief, argue for the first time, and the record now *524 demonstrates, that Mr. Rice’s enrollment as counsel of record on October 7, 2008, was on behalf of both the State and the Sheriffs Office.[12] Thus, the Bells newly urge that the hand delivery of discovery responses to Mr. Rice on April 14, 2011, constituted service of discovery on counsel of record for both the State and Sheriff Cazes, qualifying as a step in the prosecution of the case, pursuant to La.Code Civ. P. art. 561, that interrupted the running of the period of abandonment. The Bells also reurge their initial contention that filing the 2011 discovery responses into the record was a “step.” Thus, they pray for this court to reinstate the district court’s March 28, 2013 judgment denying Sheriff Cazes’ motion to dismiss.
Based on the facts presented in the record now before us, we consider whether the district court erred in finding that the Bells’ action was not abandoned.
APPLICABLE LAW

Standard of Review

Whether a step in the prosecution or defense of a case has been taken in the trial court within a period of three years is a question of fact subject to a manifest error analysis on appeal. On thé other hand, whether a particular act, if proven, qualifies as a step in furtherance of the action and thereby precludes abandonment is a question of law that we review by simply determining whether the trial court’s interpretative decision is correct. Wilkerson v. Buras, 13-1328, pp. 4-5 (La.App. 1 Cir. 8/12/14), 152 So.3d 969, 974, writ not considered, 14-2138 (La.11/26/14), 152 So.3d 894.
1 «ANALYSIS
Louisiana Code of Civil Procedure article 561 provides, in relevant part, as follows:
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
[[Image here]]
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit .which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
[[Image here]]
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
/
(Emphasis added.)
Louisiana Code of Civil Procedure article 1474 also provides, in pertinent part:
A. Except as otherwise provided by Article 1430 [addressing notice and service of a petition], all of the objections, notices, requests, affidavits, interrogatories, and answers to interrogatories, required by any Article in this Chapter to be in writing and served on an adverse party, *525 may be served as provided in Article 1313.
B. Interrogatories and the answers thereto, requests for production or inspection, and requests for admissions and the responses thereto authorized by Article 1421 shall be served upon other counsel or parties, but shall not be filed in the record of the proceedings, unless filing is required under the provisions of Paragraph C of this Article [where relief is sought from the district court to determine the sufficiency of an answer to discovery, where a party seeks an order compelling discovery pursuant to Articles 1467 and 1469, where discovery is to be used at trial or is necessary to a pretrial motion which might result in a final order, or when documentation of discovery is needed for appeal purposes] or unless ordered to be filed by the court.
[[Image here]]
C. (4) The serving of any discovery materials pursuant to the provisions of this Article shall be considered a step in the prosecution or defense of an action for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings.
(Emphasis added.)
Louisiana Code of Civil Procedure article 1313A states, in pertinent part:
Except as otherwise provided by law, every pleading subsequent to the original petition and every pleading which under an express provision 10of law may be served as provided in this Article, may be served either by the sheriff or
[[Image here]]
Delivering a copy thereof to the counsel of record....
Article 561 imposes three requirements to avoid abandonment: (1) a party must take some “step” in the prosecution or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, 784. A “step” is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. Louisiana Dep’t of Transp. & Dev. v. Oilfield Heavy Haulers, LLC, 11-0912 (La.12/6/11), 79 So.3d 978, 981.
The purpose of Article 561 is to prevent protracted litigation that is filed to harass or without a serious intent to hasten the claim to judgment. Id. Abandonment is not a punitive concept; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court and not to lose same by some technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription. Id.
Article 561 is to be liberally construed in favor of maintaining a lawsuit. Because dismissal is the harshest of remedies, any reasonable doubt regarding abandonment should be resolved in favor of allowing the litigation to continue. Id., at 981-82. The intention of Article 561 is not to dismiss suits as abandoned based on technicalities, but duly those cases where plaintiffs inaction during the three-year period has “clearly demonstrated his abandonment of the case.” Clark, 785 So.2d at 785-86 (quoting Kanuk v. Pohlmann, 338 *526 So.2d 757, 758 (La.App. 4th Cir.1976), writ denied, 341 So.2d 420 (La.1977)). For the purpose of determining abandonment, “the intent and substance of a party’s actions matter far more than technical compliance.” Oilfield Heavy Haulers, 79 So.3d at 982. If the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit, |indismissal is not warranted. Wilkerson v. Buras, 152 So.3d at 974,.
The Bells urge that they took a step within three years of the previous step by hand delivering the discovery responses to Mr. Rice; the Bells assert this constituted service “on all parties” pursuant to La. Code Civ. P. art. 561B. Alternatively, the Bells contend, “Section B should not be read so as to obliterate Section A[,] which allows the filed-in-the-record discovery to count as a step in the prosecution.”
We now find the record before us establishes that the Bells’ service of the discovery responses on Mr. Rice was effective as “serv[ice] on all parties,” constituting a step pursuant to La.Code. Civ. P. art. 561B. On October 7, 2008, Mr. Rice filed a motion and order to enroll as counsel that indicated he represented the State Police and the Sheriffs Office. On October 8, 2008, Mr. Schroeder filed a motion for an extension of time to plead on behalf of Sheriff Cazes. On October 15, 2008, Mr. Rice, on behalf of the State, filed an answer to the petition, and on October 17, 2008, Mr. Schroeder filed an answer on behalf of Sheriff Cazes. On October 21, 2008, the trial court signed an order authorizing Mr. Rice’s enrollment as counsel of record for both defendants.[13]
At no point in the proceedings did Mr. Rice file a motion to withdraw as counsel of record for Sheriff Cazes.[14] The fact that Sheriff Cazes was additionally represented by Mr. Schroeder did not negate the fact that, on the face of the record, Mr. Rice remained counsel of record for both defendants when the discovery responses were delivered to Mr. Rice on April 14, 2011. We note further that the record did not reference until January 11, 2013, that any discovery had taken place between the defendants or that an informal Rule 10.1 conference had occurred between Mr. Rice and Mr. Schroeder during 2009. It appears that the July 7, 2009 letter referencing such activity was not mailed to Ms. Pierson or other counsel of record enrolled on behalf of the Bells. Thus, we find based on the unusual facts of this case and, in particular, the information contained in the record regarding counsel of record as of April 2011, that j^the Bells’ service of the discovery responses on Mr. Rice was effective as service of discovery responses on both Sheriff Cazes and the State Police. La.Code Civ. P. art. 561B; Louisiana Dep’t of Transp. and Dev. v. Bayou Fleet, Inc., 10-1215 (La.7/2/10), 39 So.3d 585 (“The serving of any discovery materials shall be considered a step in the prosecution or defense of an action... ,”).[15] Thus, *527 for purposes of La.Code Civ. P. art. 561B, the failure to serve an additional copy of the discovery responses on Mr. Schroeder is irrelevant.
Sheriff Cazes argues that the hand delivery of the discovery responses to Mr. Rice and the filing of those responses into the record do not count as a “step in the prosecution” because they were filed by Ms. Pierson, who was not yet enrolled as counsel of record at the time these responses were delivered and filed. On the same day that the April 14, 2011 discovery responses were filed, Ms. Pierson filed her motion to enroll. This motion was uncontested, and the order allowing her enrollment as counsel of record was signed by the trial court on April 28, 2011. Sheriff Cazes’ challenge to the effectiveness of Ms. Pierson’s motion to enroll as counsel was not raised in the trial court proceedings, and we are not obliged to consider this argument raised for the first time on appeal. See Dan-Cin Construction Co., Inc. v. Thrasher, 08-1552 (La.App. 1st Cir.2/13/09), 9 So.3d 205, 208. Nevertheless, we note that La.Code Civ. P. art. 1420A requires that a discovery response “made by a party represented by an attorney shall be signed by at least one attorney of record in his individual name.... ” While a party shall not be obligated to take any action with respect to the request, response, or objection until it is signed, here the response was in fact signed by Ms. Pierson. See La.Code Civ. P. art. 1420C. Thus, upon the trial court’s order enrolling Ms. Pierson as counsel of record, the discovery responses were clearly compliant with Article 1420 and sufficient to constitute a “step” pursuant to Article 561. As such, we find plaintiffs did not fail to take a step to prosecute their case |1⅞⅛ the district court for a period of three years following Sheriff Cazes’ answer in October 2008.[16] Our holding is in keeping with the jurisprudential requirement that Article 561 should be liberally construed. Oilfield Heavy Haulers, 79 So.3d at 981. Further, because we find that the Bells’ April 2011 discovery responses were “served on all parties” as required by La.Code Civ. P. art. 561, we pretermit a discussion of whether discovery that is filed into the record, but is not served on all parties, constitutes a step pursuant to Article 561A.
CONCLUSION
Accordingly, we find that the Bells’ April 2011 discovery responses were “served on all parties” as required by La.Code Civ. P. art. 561, constituting a step in the prosecution of the action sufficient to interrupt the running of abandonment. Thus, we vacate this court’s prior action dated September 24, 2013, which granted Sheriff Cazes’ application for supervisory writs and granted his motion to dismiss the Bell’s claims, and we hereby deny Sheriff Cazes’ writ application. This matter is remanded to the district court for further proceedings.
SEPTEMBER 24, 2013 ACTION GRANTING THE APPLICATION FOR SUPERVISORY WRITS ON BEHALF OF DEFENDANT, MIKE CAZES, SHERIFF OF WEST BATON ROUGE PARISH, VACATED; WRIT DENIED.

. The Bells requested a jury trial in their petition. The State also filed a request for a jury trial in the same pleading as its answer. In October 2008, Sheriff Cazes filed a motion to strike the Bells' request for a jury trial with respect to himself. In a consent judgment dated December 23, 2008, the district court granted Sheriff Cazes’ motion to strike.

. Ms. Pierson later withdrew as counsel of record in December 2012, but she appeared again as counsel for the Bells at a March 7, 2013 hearing regarding Sheriff Cazes’ motion to dismiss.

. On ex parte motion of any party, where no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. La.Code Civ. P. art. 561A(3).

. Louisiana District Court Rule 10.1(a) provides, in pertinent part, "Before filing any motion to compel discovery, the moving party or attorney shall confer in person or by telephone with the opposing party or counsel for the purpose of amicably resolving the discovery dispute.”

. It is undisputed that the discovery responses were not served on any counsel of record other than Mr. Rice.

. Supreme court writ application, p. 5.

. Supreme court writ application, p. 1.

. Supreme court writ application, p. 1.

. Supreme court writ application, p. 2.

. Supreme court writ application, p. 8.

. In Delta American Corp., defendant, Reliant, argued that since it had not been served with the discovery propounded to another defendant, Ashland, or the motion to compel that discovery, plaintiff's action against Reliant was abandoned. Discovery was propounded to both Reliant and Ashland in April 2002, with service on Ashland perfected on April 29, 2002, and service on Reliant perfected on May 1, 2002; Delta filed into the record a motion to compel as to Ashland on March 9, 2005, with notice to Delta and Ashland on that date and service perfected on Ashland on March 15, 2005. Delta propounded interrogatories to Reliant on March 7, 2008, with service perfected on March 25, 2008. On April 30, 2008, Reliant filed an ex parte motion to dismiss alleging abandonment, urging "the action was abandoned as to them, since no action was taken involving Reliant between April 2002 and April 2008, a period of more than three years." Id., 09-1895 at pp. 2-3, 2010 WL 1872877.
This court rejected Reliant's argument, noting that the discovery propounded to Ashland, along with a motion to compel Ashland to answer that discovery, had been filed into the record. Id., 09-1895 at p. 4, 2010 WL 1872877. This court concluded that plaintiff’s motion to compel discovery was a "step” in the prosecution that appeared in the record, which adequately gave notice to the co-defendants that the lawsuit had not been abandoned. Id., 09-1895 at p. 5, 2010 WL 1872877. This court stated, "It is well settled that when any party to a lawsuit takes formal action in the trial court, it is effective as to all parties." This court reasoned, in part, “[T]he focus is not directed to whether a party received notice; the focus is whether a step was taken in the prosecution of the lawsuit by any party.” Id., 09-1895 at p. 4, 2010 WL 1872877. This court also cited Delta Dev. Co., Inc. v. Jurgens, 456 So.2d 145 (La.1984), stating the court therein concluded that "the abandonment period was interrupted as to all co-defendants when only one defendant had been served with interrogatories that had been filed into the record.” Id., 09-1895 at p. 5, 2010 WL 1872877.

. In accordance with an interim order of this court, the clerk of court for the district court filed the entire record of the proceedings with this court. The record demonstrates that by order dated October 21, 2008, the district court ordered that Mr. Rice be enrolled as counsel of record for Louisiana State Police and the West Baton Rouge Parish Sheriff's Office.

. The order identified the defendants as the Louisiana State Police and the West Baton Rouge Parish Sheriff's Office.

. On January 30, 2013, Darrell J. Saltamac-hia, Special Assistant \ttorney General, filed a motion and order to enroll as counsel for the State, representing that Mr. Rice “is no longer attorney” for the Louisiana State Police and stating that “undersigned counsel has been assigned the defense in this matter....”

. We acknowledge that Mr. Rice’s enrollment was on behalf of the “West Baton Rouge Parish Sheriff’s Office” rather than on behalf of Sheriff Cazes individually. Sheriff Cazes later identified himself as the proper defendant. To conclude that Mr. Rice’s enrollment was not on behalf of Sheriff Cazes would be an unfair, hypertechnical result. See Riley v. Evangeline Parish Sheriff’s Office, 94-0202 (La.4/4/94), 637 So.2d 395.

. We acknowledge that "sending a letter to all parties scheduling a discovery conference under Louisiana District Court Rule 10.1 constitutes a step in the prosecution or defense of the action.” Oilfield Heavy Haulers, 79 So.3d at 986. In the present case, the record does not establish that the July 7, 2009 letter, which purportedly served as a Rule 10.1 conference, was sent to all parties such that it would constitute a step pursuant to La.Code Civ. P. art. 561A.