CRAIN, J.
12Kathy Tujague and The Versailles, L.L.C. (referred to collectively as “Tuja-gue”), appeal a summary judgment granted in favor of the State of Louisiana through the Division of Administration, Office of Community Development (the state), for the sum due on a promissory note. We affirm.
FACTS AND PROCEDURAL HISTORY
The state is the holder in due course of a promissory note executed by Tujague in the amount of $100,000.00. On December 16, 2008, the state instituted this suit asserting that Tujague made one payment, then defaulted on the loan. The state sought the unpaid balance of the loan, together with interest, costs, and attorney fees. Tujague answered the suit, generally denying the allegations of the petition.
The state then moved for summary judgment. Its first motion was filed July 20, 2009. In support of the motion, the state submitted documentation showing the payment by Tujague referenced in the petition, as well as receipt of a second payment that was returned due to insufficient funds. The hearing on the motion was continued without date. A second motion was filed on July 20, 2012. In support of the second motion, the state submitted documentation showing that Tujague made sporadic payments on the loan since suit was filed, the last of which was received on November 16, 2011. The hearing on the second motion was continued without date due to lack of service. A third motion was filed on February 20, 2014. The supporting documentation again showed that Tuja-gue had not made any payments on the loan since November 16,2011.
Tujague opposed the third motion for summary judgment, arguing that the state’s suit should be dismissed as abandoned. Tujague argued that the three | amotions for summary judgment filed by the state were merely repetitious filings that did not constitute actual steps intended to hasten the suit to judgment. Thus, Tujague contended, the state failed to prosecute the case from the time the hearing on the first motion for summary judgment was continued until the time the third motion for summary judgment was filed.
The trial court rejected Tujague’s theory of abandonment and granted the state’s motion for summary judgment. Tujague now appeals.[2]
*226 DISCUSSION
A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposés of the motion for summary judgment, show that there is no genuine issue as to material fact,- -and that the mover is entitled to judgment as a matter of law. . La.Code Civ. Pro. art. 966 B(2).[3] In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. In re Succession of Beard, 13-1717 (La.App. 1 Cir. 6/6/14), 147 So.3d 763, 769-60.
j Jn support of its motion for summary judgment, the state presented a copy of the note and' documentation establishing that the state is the holder in due course, as well as evidence that-Tujague defaulted on the note. TujagUe did not present any evidence to the contrary. Rather, Tujague contended that the state'was not entitled to judgment as a matter of law because it had abandoned its suit.
Louisiana Code of Civil Procedure article 561 provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. A “step” is a formal action taken before the court, that is intended to hasten the suit toward judgment or the taking of formal discovery. Louisiana Dept. of Transp. and Dev. v. Oilfield Heavy Haulers, L.L.C., 11-0912 (La.12/6/11), 79 So.3d 978, 981. Abandonment under Article 561 is' self-executing, occurring automatically upon the passing of three years without either party taking a step, and is effective without a court order. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, 784.
Abandonment is both historically and theoretically a form of liberative pre-sfcription that is independent from the prescription that governs the underlying substantive claim. Clark, 785 So.2d at 787. The underlying policy seeks to prevent protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. Abandonment is not a punitive measure, but is designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely. Wilkerson v. Burns, 13-1328 (La.App. 1 Cir. 8/12/14), 152 So.3d 969, 974.
Because dismissal is the harshest of punishments, the law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has his day in court. Thus, any action or step taken to move the case toward judgment should be considered. Wilkerson, 152 So.3d at 974. The intention of Article 561. is not to dismiss suits as abandoned based on technicalities. Bell v. Louisiana State Police, 13-0863 (La.App. 1 Cir. 12/23/14), 168 So.3d 518, 525, unit denied, 15-0160 (La.4/10/15), 163 So.3d 815. If the plaintiff has clearly demonstrated before the court during the prescribed period that it does not intend to abandon its lawsuit, dismissal is not warranted. Wilkerson, 152 So.3d at 974.
A motion for summary judgment-is a' procedural device desigiied to secure *227 the just, speedy, and inexpensive determination of an action without a full-scale trial. See La.Code Civ. Pro. art. 966 A(2); Cason v. Saniford, 13-1825 (La.App. 1 Cir. 6/6/14), 148 So.3d 8, 11, writ denied, 14-1431 (La.10/24/14), 151 So.3d 602. The filing of a motion for summary judgment constitutes a step in the prosecution of the case, Cf. Jones v. Phelps, 95-0607 (La. App. 1 Cir. 11/9/95), 665 So.2d 30, 34, writ denied, 95-2907 (La.2/2/96), 666 So.2d 1104. Here, suit was filed December 16, 2008, and the motions for summary' judgment were filed July 20, 2009, July 20, 2012, and February 20, 2014, with not more than three years lapsing between each filing.
Tujague argues, however, that the second and third motions for summary judgment do not constitute steps for purposes of tolling the abandonment period because they are merely repetitious of the first. As authority for the position that a repetitive filing will not be considered a step in the prosecution, Tujague cites Guarino v. Pendleton Memorial Methodist Hosp., 94-1264 (La.App. 4 Cir. 2/23/95), 650 So.2d 1243; and Carraway v. City of Alexandria, 96-1629 (La.App. 3 Cir. 4/30/97), 693 So.2d 314.
Contrary to Tujague’s assertion, Guari-no does not support her position. In that case the fourth circuit recited .the defendant’s argument that an amending | ¿petition was not a step in the prosecution of the case because it was simply a restatement of the original petition, but specifically found that the argument had no merit. See Guarino, 650 So.2d at 1244-45. However, in Carraway, the third circuit suggested that the Guarino decision imposed a requirement that an amending petition be more than a restatement of the original to count as a step in the prosecution of the case, stating, “We agree with the Fourth Circuit that the filing of an amended petition is a ‘step’ within the meaning of Article 561, if the amended petition is more than a restatement of the original petition.” Carraway, 693 So.2d at 316. Notably, in both Guarino and Carraway, the courts found.that the amending petitions constituted steps in the prosecution of the cases-. Guarino, 650 So.2d at 1245; Carraway, 693 So.2d at 316.
In Carter v. Rapides Parish School Bd., 11-1136, 2012 WL 280691, p. 1 (La.App. 3 Cir. 2/1/12), writ denied, 12-0420 (La.4/9/12), 85 So.3d 703, the third circuit cited Carraway for the principle that an amended petition must be more thán a restatement of an original petition to constitute a step under Article 561. Upon finding that the amending petition did not substantively differ from the original, the third circuit held that it did not constitute a step in the prosecution of the case and found that the case was abandoned. Carter, 2012 WL 280691 at p. 1. The dissenting judge correctly pointed out that Carr-away mistakenly read into Guarino the requirement that an amending petition be more than a restatement of the original, when Guarnid presented that “requirement” as the meritless argument of counsel. The dissenting judge described the majority’s reliance on Carraway’s misstatement of Guarino as a “substantial change in Louisiana jurisprudence,” which has uniformly held that Article 561 is to be liberally construed in favor of ^maintaining a plaintiffs. suit. Carter, 2012 WL 280691 at p.2 (Saunders, J., dissenting).
We agree with the dissenting judge in Carter that our jurisprudence does not require that courts make a line-by-line technical comparison to verify that filings are substantively different before *228 deeming a subsequent filing a step in the prosecution so as to prevent abandonment.[4] To the contrary, our supreme court has cautioned that Article 561 is not intended to dismiss suits as abandoned on technicalities. See Louisiana Dept. of Transp. and Dev., 79 So.3d at 982. Instead, Article 561 is to be liberally construed in favor of maintaining the suit, with the intent and substance of a party’s actions mattering far more than technical compliance. See Louisiana Dept. of Transp. and Dev., 79 So.3d at 982.
To constitute a “step” in the prosecution of the case and prevent abandonment under Article 561, a party need only take some formal action before the court intended to hasten the suit towards judgment. See Louisiana Dept. of Transp. and Dev., 79 So.3d at 981. We find that the motions for summary judgment, each of which sought resolution of the suit, constitute steps in the prosecution of the state’s suit that prevented abandonment.[5] The trial court correctly rejected Tuja-gue’s argument to the contrary, and based on the evidence presented, correctly granted summary judgment in favor of the state.[6]
^CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Kathy Tujague and The Versailles, L.L.C.
AFFIRMED.

. In a previous appeal, this court vacated an invalid July 18, 2014 judgment signed for Judge Kliebert, who heard and rendered the summary judgment, by another judge of the trial court. State ex ret. Div. of Admin., Office of Community Development v. Tujague, 15-0023, 2015 WL 3613873 (La.App. 1 Cir. 6/5/15). After the matter was remanded, Judge Kliebert signed a valid judgment on June 10, 2015, which is now before us in this appeal,

. Louisiana Code of Civil Procedure article ‘ 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act; therefore, we refer to the former version of the article in this case. See.Acts. 2015, No-, 422, §§ 2 and 3.

. The supreme court denied an application for supervisory writs in Carter, however, a denial of supervisory review is merely a decision not to exercise the power of supervisory jurisdiction. See State v. Fontenot, 550 So.2d 179 (La.1989) (per curiam).

. Moreover, we note that the motions for summary judgment that the state filed are not identical, as Tujague argues. Tujague made payments during the course of the proceedings, which changed the amount of recovery sought through the motions.

.We note that in its brief to this court, the state characterizes Tujague’s appeal as frivolous and requests an award of damages and attorney fees. Cf. La.Code Civ. Pro. art. 2164; Uniform Rules Courts of Appeal, Rule 2-19. However, such an award is precluded in this case, where the state neither appealed nor answered the appeal. See La.Code Civ. Pro. art. 2133; In re Interdiction of DeMarco, 09-1791 (La.App. 1 Cir. 4/7/10), 38 So.3d 417, 430-31.