STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2025 CA 0529

JERMICHAEL D. YOUNG

VERSUS

JACOB TATLER ROSS

Judgment Rendered: **NOV 0 7 2025**

* * * * *

ON APPEAL FROM THE
19TH JUDICIAL DISTRICT COURT, SECTION 25
EAST BATON ROUGE PARISH, STATE OF LOUISIANA
DOCKET NUMBER C-701799

HONORABLE WILSON E. FIELDS AND JOHNELL M. MATTHEWS,
JUDGES PRESIDING

* * * * *

| | |
|---|---|
| Willie G. Johnson, Jr.<br>Sophia Riley<br>Derek Elsey<br>Zachary, Louisiana | Attorneys for Plaintiff-Appellant<br>Jermichael Young |
| Randall C. Mulcahy<br>Ryan E. Bergeron<br>New Orleans, Louisiana | Attorneys for Defendant-Appellee<br>Financial Indemnity Company |

BEFORE: McCLENDON, C.J., GREENE and STROMBERG, JJ.

**GREENE, J.**

A driver allegedly injured in an automobile accident appeals a judgment dismissing his personal injury suit as abandoned. After review, we amend the judgment and affirm as amended.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 18, 2020, Jermichael D. Young filed a Petition for Damages against Jacob Tatler Ross, Kemper Insurance Company (Kemper), and The General Insurance/PGC Holdings Corp (The General), alleging that he and Mr. Ross were involved in an automobile accident on or about December 2, 2019. Mr. Young also alleged that he was injured in the accident, Mr. Ross was at fault, and Kemper and The General insured the vehicle Mr. Ross was driving.[1] Mr. Young requested service of process on the three named defendants.

By letter dated April 15, 2021, the Louisiana Department of Insurance (DOI) informed East Baton Rouge Parish Clerk of Clerk Doug Welborn that Kemper was not licensed in Louisiana and a refund of the $25 service of process fee was enclosed (DOI Letter). The DOI letter was filed into the suit record on May 10, 2021.

On December 4, 2023, Mr. Young filed a First Supplemental and Amending Petition for Damages, requesting that Kemper be removed as a named defendant and replaced by Financial Indemnity Company (FIC). In response, FIC filed an Ex Parte Motion and Incorporated Memorandum to Dismiss for Abandonment of Action, seeking dismissal of Mr. Young's suit with prejudice. According to FIC, no party took any step in the prosecution or defense of the suit between November 18, 2020,[2] the date Mr. Young filed his original Petition for Damages, and December 4, 2023, when he filed his First Supplemental and Amending Petition for Damages, which FIC argued was after abandonment had already occurred.

On October 22, 2024, the trial court signed an Order deeming Mr. Young's suit abandoned and dismissing his claims against all defendants, including FIC and Mr. Ross,

---

[1] Although the Petition for Damages' caption states the forum is the "21st JUDICIAL DISTRICT COURT" in the "PARISH OF TANGIPAHOA," the Petition for Damages was actually filed in the Nineteenth Judicial District Court, East Baton Rouge Parish.

[2] In its motion, FIC erroneously references this date as November 20, 2020.

with prejudice. Mr. Young filed a Motion to Set Aside Dismissal[3] and a supporting memorandum, with three attached exhibits – a chronological history of filings in the suit, a copy of the DOI Letter, and, a copy of his First Supplemental and Amending Petition. Mr. Young argued that these documents showed that prosecution of his suit was within the applicable legal delays. FIC opposed the motion. After a January 13, 2025 contradictory hearing, the trial court signed a judgment on March 21, 2025, denying Mr. Young's Motion to Set Aside Dismissal and upholding the October 22, 2024 Order dismissing Mr. Young's claims with prejudice.[4] Mr. Young appeals the adverse judgment.

## DISCUSSION

On appeal, Mr. Young assigns error to the dismissal of his action, claiming the DOI Letter, dated April 15, 2021, was a "step" in the prosecution of his action that precluded abandonment. In opposition, FIC contends the DOI Letter was not a "step," because it was not filed by a party to the action.

We initially address a procedural matter. The hearing on a motion to set aside a dismissal is a contradictory hearing wherein the plaintiff/mover must produce evidence showing why the order of dismissal should be set aside. *See* La. C.C.P. art. 963; *Hancock Bank of Louisiana v. Robinson*, 2020-0791 (La. App. 1 Cir. 3/11/21), 322 So.3d 307, 311. Herein, the minute entry from the January 13, 2025 contradictory hearing indicates that the trial court granted Mr. Young's motion to introduce evidence at the hearing - but, the minute entry does not identify the evidence nor does the appellate record include any evidence or a transcript of the hearing. Although it is possible that the three exhibits attached to Mr. Young's memorandum are the evidence he introduced at the January 13, 2025 hearing, we make no such assumption. And, even if such were true, generally, this Court cannot consider evidence attached to a memorandum unless it is formally

---

[3] The motion's full caption reads "Motion to Set Aside Dismissal and Motion for New Trial." Although a motion to set aside an order of dismissal is similar to a motion for new trial, under the exclusive procedure set forth in La. C.C.P. art. 561, a motion to set aside a dismissal is the proper pleading to challenge a dismissal order based on abandonment. *See* La. C.C.P. art. 561 – 2003 Comment; *Stogner v. Toyota Motor Sales, U.S.A., Inc.*, 2023-1234 (La. App. 1 Cir. 6/3/24), 392 So.3d 377, 380.

[4] Judge Wilson E. Fields signed the October 22, 2024 Order and conducted the February 10, 2025 hearing on Mr. Young's Motion to Set Aside Dismissal and Motion for New Trial. At the end of the hearing, Judge Fields orally denied Mr. Young's motion and directed counsel for FIC to prepare a judgment. After Judge Fields left the district court bench and took office at the Louisiana First Circuit Court of Appeal, effective March 1, 2025, Judge Johnell Matthews signed the March 21, 2025 Judgment, memorializing Judge Fields' February 10, 2025 oral ruling. *See* La. R.S. 13:4209(B).

3

introduced at the hearing on the motion to set aside the dismissal. *See BAC Home Loans Servicing, LP v. Louis*, 2020-0717 (La. App. 1 Cir. 5/13/21), 326 So.3d 904, 910. However, two of the three exhibits, the DOI Letter and the First Supplemental and Amending Petition, are physically in the record and bear file stamps showing they were separately filed into the suit record. Thus, we will consider these two exhibits on review of the March 21, 2025 judgment but will not consider the third exhibit – the chronological history of the filings in the suit -- which bears no separate file stamp.[5] We now turn to the merits of the appeal.

Under La. C.C.P. art. 561, an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. To avoid abandonment: (1) a party must take some step in the prosecution or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the suit record; and (3) the step must be taken within three years of the last step taken by either party. *Williams v. Montgomery*, 2020-01120 (La. 5/13/21), 320 So.3d 1036, 1041. Abandonment is self-executing -- it occurs automatically without formal court order. *See* La. C.C.P. art. 561(A)(2). But, on ex parte motion of any party or other interested person, by affidavit stating that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. *See Id.* Whether a particular act, if proven, qualifies as a step in furtherance of the action and thereby precludes abandonment is a question of law, which this Court reviews *de novo*. *Board of Supervisors of Louisiana State University & Agricultural & Mechanical College v. Bickham*, 2023-01364 (La. 10/25/24), 395 So.3d 792, 798-801; *Williams*, 320 So.3d at 1042.

After *de novo* review, we conclude the trial court properly denied Mr. Young's Motion to Set Aside Dismissal. Regarding the DOI Letter, the record shows that it was addressed to East Baton Rouge Parish Clerk of Court Doug Welborn and was filed into the record on May 10, 2021. The record does not definitively show who filed the DOI Letter into the record. If the Clerk of Court or court personnel filed the DOI Letter, such

---

[5] Based on the same reasoning, we do not to consider attachments to FIC's opposition to Plaintiff's Motion to Set Aside Dismissal.

4

action did not constitute a step, because neither of those actors is a party to the action, as is required by La. C.C.P. art. 561. *First Bank & Trust v. Proctor's Cove II, LLC,* 2019-299 (La. App. 5 Cir. 12/30/19), 287 So.3d 888, 896. Further, even if Mr. Young, a party, filed the DOI Letter into the record, we conclude it did not constitute a step that interrupted the three-year abandonment period.

A step is a formal action by any party before the court intended to hasten the action towards judgment or is the taking of formal discovery. *Williams,* 320 So.3d at 1041. A step is taken when there is a demonstrable intention of moving the case to trial, or stated differently, when the parties forward the progress of the case in court. *Board of Supervisors of Louisiana State University & Agricultural & Mechanical College,* 395 So.3d at 801. Thus, a party's act of simply filing a document into the record does not constitute a step unless the filing serves to hasten the matter to judgment. *See Id.;* *Pendarvis v. Jarreau,* 2017-0360 (La. App. 1 Cir. 12/18/17), 234 So.3d 148, 152-53, *writ denied,* 2018-0103 (La. 3/2/18), 269 So.3d 712.

Courts have sometimes found that a party's written request to a clerk of court to take certain actions, when the request appears in the suit record, constitutes a step in the prosecution of a case. For example, in *Shulver v. Slocum,* 566 So.2d 1089 (La. App. 2 Cir.), *writ denied,* 569 So.2d 984 (La. 1990), the Second Circuit found that a plaintiff's letter to the clerk of court requesting service of process on a defendant, which letter appeared in the record, constituted "an unequivocal expression of plaintiff's intent to continue the litigation."[6] *Id.* at 1092. However, in the instant case, the DOI Letter is not a request for service of process on a defendant, as in *Shulver,* nor was it written by a party requesting that the clerk of court take some action, as in *Shulver.* Rather, it was the transmission of a refund for an unaccomplished service of process and was written

---

[6] For other examples where a court has found a party's written request to a clerk of court to take certain action to be a step in the prosecution of a suit, *see Hidalgo v. Catfish Queen Partnership in Commendam,* 2006-1531 (La. App. 1 Cir. 5/4/07), 961 So.2d 434, and *Dendy v. City National Bank,* 2006-2436 (La. App. 1 Cir. 10/17/07), 977 So.2d 8. In *Hidalgo,* 961 So.2d at 437-38, this Court found that a party's procedurally proper and timely request to a clerk of court for a scheduling conference was a step as contemplated by La. C.C.P. art. 561. The *Hidalgo* Court reasoned that a scheduling conference's ultimate purpose hastens a matter to judgment by selecting deadlines for the parties to conclude pretrial matters. *Id.* at 438. Similarly, in *Dendy,* 977 So.2d at 13, this Court found a plaintiff's request for a status conference to settle pleadings, fix discovery deadlines, and set a pre-trial conference and trial date constituted a step in the prosecution of his action, because the purpose of the status conference was to move the plaintiff's case towards judgment.

5

by a DOI representative, a non-party. Herein, the DOI Letter does not demonstrate an intention by any party, much less an intention by Mr. Young, to continue the litigation, to move his case to trial, or to forward the progress of his action. Thus, we conclude the DOI Letter did not constitute a step in the prosecution or defense of Mr. Young's suit and did not interrupt the three-year abandonment period.

Regarding Mr. Young's First Supplemental and Amending Petition, we note that such a pleading, when filed *within* three years of the last step taken by a party, can constitute a step. *See State ex rel. Division of Administration, Office of Community Development v. Tujague*, 2015-1457 (La. App. 1 Cir. 4/15/16), 193 So.3d 223, 227; *Carraway v. City of Alexandria*, 1996-1629 (La. App. 3 Cir. 4/30/97), 693 So.2d 314, 316. However, herein, Mr. Young's First Supplemental and Amending Petition was not filed *within* three years of his original Petition for Damages, the last step taken by a party. Any action by Mr. Young *after* the abandonment period cannot serve to revive his already abandoned suit. *See Ellis v. Louisiana Casino Cruises, Inc.*, 2021-0148 (La. App. 1 Cir. 10/18/21), 2021 WL 4843823, *4.

In sum, we conclude the trial court properly deemed Mr. Young's suit abandoned, properly dismissed his claims against all defendants, and properly denied his Motion to Set Aside Dismissal. After Mr. Young filed his original Petition for Damages on November 18, 2020, the parties failed to take a step in the action's prosecution or defense in the trial court for a period of three years. The DOI Letter, filed on May 10, 2021, did not constitute a step as contemplated by La. C.C.P. art. 561, and the First Supplemental and Amending Petition, filed on December 4, 2023, was filed after abandonment occurred.

We note that the March 21, 2025 Judgment upheld the October 22, 2024 Order's dismissal of Mr. Young's claims with prejudice. However, when an action is dismissed under La. C.C.P. art. 561, the dismissal is without prejudice. Thus, we will amend the judgment accordingly. *See Williams*, 320 So.3d at 1040, n.4; *Cascade Funding Mortgage Trust HB7 v. Succession of Kleinpeter*, 2023-1326 (La. App. 1 Cir. 3/25/24), 2024 WL 1300141.

6

## CONCLUSION

For the foregoing reasons, we affirm the March 21, 2025 Judgment insofar as it denied Jermichael D. Young's Motion to Set Aside Dismissal and upheld the October 22, 2024 Order, which deemed this matter abandoned and dismissed Jermichael D. Young's claims against all defendants, including Financial Indemnity Company and Jacob Tatler Ross. We amend the March 21, 2025 Judgment to provide that the October 22, 2024 Order's dismissal of Jermichael D. Young's claims is without prejudice, and affirm the March 21, 2025 Judgment, as amended. We assess costs of the appeal to Jermichael D. Young.

**JUDGMENT AMENDED AND AFFIRMED AS AMENDED.**